# Richmond

## George L. Feitig v. Blanton Rolfe Chalkley, an Infant who sues by his Next Friend, Bernard E. Chalkley.

April 22, 1946.

Record No. 2964.

Present, All the Justices.

*On a Rehearing.*

The opinion states the case.

*Bowles, Anderson & Boyd,* for the plaintiff in error.

*Allen & Allen* and *Robert Lewis Young,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

Prior to the original opinion in this case, reported in 184 Va. 553, 35 S. E. (2d) 827, this court had not considered whether the Virginia Workmen's Compensation Act (Michie's Code 1942, secs. 1887 (1) et seq.) prohibited an injured employee from maintaining an action at law against his co-employee for negligence or wrong causing the injuries. We thought that the importance of the questions required a more thorough investigation than appeared in the arguments and briefs of counsel on the original presentation, hence we

granted a rehearing but limited the argument to this single question.

The Workmen's Compensation Law has passed the experimental stage. It is as essential to industry as it is to labor. It comprizes one of the most important branches of law. Upon its effectiveness depends the potential welfare of a large number of employees and their families. It places upon industry as an expense of the business the pecuniary loss, measured by the compensation provided in the statute, attendant upon all accidents to employees within the hazards of the industry. It extends the employer's liability to all accidental personal injuries "arising out of and in the course of the employment," the expense of which is added to the cost of production. The employer surrenders his right of defense on the ground of contributory negligence and the common law doctrines of the assumption of risk and fellow servants. The rules of evidence are relaxed. The employee surrenders his right to a trial by jury and agrees to accept an arbitrary amount fixed by statute in lieu of full compensation for the injuries sustained. He gains a wider security. The issue of negligence or non-negligence of the employer and the fellow servants is eliminated. Long, costly and delayed litigation is avoided. A smaller but speedier recovery is guaranteed. This theory of compensation for accidental injuries has been accepted by practically all of the States as well as the United States and its possessions. The application of particular phases of the law in the different States depends upon the peculiar wording of the pertinent statutes.

It is apparent from a review of the compensation laws in the different States that the chief benefit of the law to the employees is the abolition of negligence as a prerequisite to recovery and of the common-law defenses as a means of defeating recovery.

While negligence is eliminated as a basis for recovery, industrial accidents still occur as a result of negligence and it may be said to be the chief cause, of them. This negligence may be the act or omission of the employee himself,

of another employee within the scope of the same business, or of a stranger outside the scope of the business.

It is clear that where the negligence causing the injury is that of a stranger to the business, the employee should not, and is not, deprived of his common-law right of action against such stranger for the reason that, though the accident may arise out of and in the course of the employment, the dominant cause of the accident is not inherent in the business and is not a loss which the act contemplates that the industry should ultimately bear. As to the employee, the injury is an industrial accident primarily, but, inasmuch as he was on his master's business at the time and was injured by a stranger to the business, it is not truly and inherently within the industrial field.

It is plain that compensation is the only remedy where the employer's negligence is the cause of the injury. It is equally plain that where the accidental injury is due to the negligence of a fellow servant, it arises out of and in the course of the employment and is a risk inherent in the business caused to one within the employment by another within the employment. On both bases, the injury is within the field of industrial accidents, and it was the purpose of the act to cast the loss upon the business as an ultimate expense thereof.

Defendant in error contends that no provision of the Workmen's Compensation Act deprives an injured employee of the right to maintain an action against a co-employee whose negligence was a proximate cause of the injuries sustained. In other words, defendant in error contends that, under the act, the only person against whom a common-law action for tort is prohibited is the employer himself.

It is conceded that in this case the personal injuries sustained were due to the negligence of a fellow servant. At common law, this concession would defeat plaintiff's right of action against the employer. However, the employer is deprived, in express terms, of this defense by section 16 of the compensation act; and, inasmuch as the injuries were the result of an accident "arising out of and in the course of the

employment," the injured employee is entitled to compensation under the act from the employer or the insurance carrier. Whether or not the injured employee may also maintain an action against his co-employee or fellow servant depends upon the construction of sections 11 and 12 of the act.

As originally adopted in 1918 (Acts 1918, p. 640), these sections read as follows:

"Sec. 11. Every employer who accepts the compensation provisions of this act shall insure the payment of compensation to his employees in the manner hereinafter provided, and while such insurance remains in force he or those conducting his business shall only be liable to any employee for personal injury or death by accident to the extent and in the manner herein specified.

"Sec. 12. The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise on account of such injury, loss of service or death."

It will be noted that the common law right of action against a third party, a stranger to the employment, is not mentioned. Hence, an employee who had sustained an injury by accident arising out of and in the course of his employment would have been entitled to receive compensation under the statute from his employer and would have a right to full compensation from a negligent third party, a stranger to the employment; but, if the negligent party had been the employer or a person conducting his business, the common-law right of action against either would have been prohibited—that is, if the words in the phrase, "he (employer) or those conducting his business," had been given their ordinary and usual meaning.

In 1920, c. 176, section 12 was amended. This amendment retained the first paragraph of section 12 as quoted, and added

three additional paragraphs. These three paragraphs did not give any new right to an injured employee. They did contain restrictions or limitations upon his right to compensation under the statute and upon his right to recover full damages for his injuries from a negligent third party. The amendment provided that an acceptance of compensation constituted an assignment *pro tanto* of his right of action against such negligent party to his employer or the insurance carrier who had paid or assumed to pay the compensation prescribed.

The pertinent provision of the amendment reads as follows: "The making of a lawful claim against an employer for compensation * * * shall operate as an assignment to the employer of any right to recover damages which the injured employee * * * may have against any other party for such injury * * * ."

The specific inquiry is—Do the words, "any other party," as used in the amendment, include a co-employee or fellow servant, or is a co-employee or fellow servant included in the phrase, "those conducting his business," found in section 11?

Section 12 and the different amendments have been construed by this court in many cases cited in the briefs. In each of the former opinions, the negligence involved was the negligence of a third party, a stranger to the business. In discussing the rights of the injured employee and the employer as against a third party, expressions are found in some of the cases to the effect that the only right of the employee which has been abridged by the act is the common-law right of action against his employer. The particular question now before the court was not involved in any of those cases and hence such expressions are mere *dicta*. Most of the decisions were reviewed in the comparatively recent case of *Noblin* v. *Randolph Corp.*, 180 Va. 345, 23 S. E. (2d) 209. It was said repeatedly that the common-law right of an injured employee to maintain an action against a party whose negligence caused his injury still remains unless the statute expressly or by necessary inference curtails or denies it.

■ The fundamental purpose of the act is to give compensation for accidental injuries within the hazards of the employment. The act does not apply to accidents outside the field of industrial hazards. Within that field the only remedies of the employee are those prescribed by the act. Mr. Justice Eggleston emphasized this in *Griffith* v. *Raven Red Ash Coal Co.*, 179 Va. 790, 20 S. E. (2d) 530, where he said: "Our conclusion is that the Workmen's Compensation Act is exclusive in so far as it covers *the field of industrial accidents*, but no further." (Italics supplied.)

■ ■ It seems clear that it was the legislative intent to make the act exclusive in the industrial field so that, in the event of an industrial accident, the rights of all those engaged in the business would be governed solely thereby. The remedies afforded the employee under the act are exclusive of all his former remedies within the field of the particular business, but the act does not extend to accidents caused by strangers to the business. If the employee is performing the duties of his employer and is injured by a stranger to the business, the compensation prescribed by the act is available to him, but that does not relieve the stranger of his full liability for the loss, and, if he is financially responsible, there is no reason to cast this loss as an expense upon the business.

This seems to have been the underlying reason for the amendments to section 12, which provided for the subrogation to the employer of the employee's right against such strangers in case the employee accepts compensation for an injury arising out of and in the course of his employment but caused by a stranger to the business. Such a loss was not truly inherent in the business but was caused by the wrongful act of a stranger to it. If the employee at the time was performing his employer's business and received an accidental injury occasioned by a negligent third party, so far as the employee was concerned he was entitled to compensation, but such an expense was not intended to be ultimately cast upon the business unless recovery from the third party was impossible. One of the provisions of section

12 gives the injured employee the right of election—that is, he may sue the stranger and release his employer, or he may accept compensation from the employer and sue the stranger for his own benefit and the benefit of his employer and thus receive full compensation for the loss sustained. The business itself is entitled to the opportunity to recoup that loss, if possible, from such negligent third party.

It is important to note that, in the absence of negligence on the part of the third party, the business cannot recoup the amount of compensation paid the injured employee, and the loss remains an expense of the business.

If an employee is sent by his employer with a machine to be repaired and on the way the employee is knocked down by a stranger to the business and both the employee and the machine are damaged, the damage to the machine is a loss to be suffered by the business, but the business has a right to recoup that loss from the stranger on proof of the stranger's negligence. The act places the loss or damage to the employee as a loss to the business and requires the employer to pay compensation for the injury to the employee. The stranger is still responsible for his own wrong and section 12 divides the amount of damage recovered from him between the employer and the injured employee.

If the loss by damage to the machine is occasioned by the act of an employee, whether negligent or otherwise, such a loss is considered inherent in the business by reason of wear and tear. Damage to machinery caused by carelessness or neglect of its operators is not a generally accepted basis in industry for recoupment by business from its employees. This is an industrial loss caused by those in the industrial field.

By analogy, loss by damage to an employee caused by the act of another employee is a loss within the field of industrial accidents intended by the act to be borne by industry as an industrial loss without opportunity for recoupment. What other meaning can be given to the phrase in section 11, "those conducting his business?" (Wilful and

wanton misconduct is made an exception to the rule by section 14 of the act.)

"Any other party," as used, does not necessarily include a co-employee or a fellow servant. It certainly includes a third party, a stranger in the field of that employment. When the theory, the history and the broad purpose of the act are considered, it would seem that "other party," as used in section 12, refers exclusively to those persons who are strangers to the employment and the work, and does not include those who have accepted the act and are within the express terms of section 11—"he (employer) or those conducting his business."

If the contention of defendant in error is sustained (that is—that "other party" refers to and includes a fellow servant), then the employee's right against the fellow servant is assigned by the act to the employer or the compensation insurance carrier. It would follow that the act would not cover the entire field of industrial accidents because common law litigation would inevitably arise in cases where the injury or death was due to the negligence of another employee. Instead of the loss of such industrial accidents being cast upon business as an expense thereof, the wages of fellow workmen will become an ultimate insurance fund for the exoneration of both industry and compensation insurance carriers for the ultimate loss. Instead of providing relief to workmen, it will place in the power of employers and compensation insurance carriers the right to recoup from workmen loss which should be borne by the business.

To this point we have confined the discussion to the general theory upon which compensation law is based and the specific language of the Virginia act. Turning to the decisions in other jurisdictions we find a hopeless conflict on the question.

Upon examination of the Wisconsin statute we find that it has no provision similar to section 11 of the Virginia act. Section 102.29 of this statute contains subrogation provisions similar to those found in section 12 of the Virginia act. This section provides that the "making of a claim for com-

pensation against an employer * * * for the injury or death of an employee shall not affect the right of the employee * * * to make claim or maintain an action in tort against any other party for such injury or death."

"Any amount recovered by the injured employee * * * from a third party shall be applied" as specified. It was held, in *McGonigle* v. *Gryphan*, 201 Wis. 269, 229 N. W. 81, that "other party" or "third party," as used in the Wisconsin act, did not deprive the injured employee of maintaining a common-law action against his co-employee or fellow servant. The basis for the decision was that the language of the act clearly disclosed the legislative intent to limit the prohibition to the employer.

The same may be said of the compensation acts of Illinois, Pennsylvania, New Jersey, Minnesota and Michigan.*

The North Carolina statute contains a provision similar to section 11 of the Virginia act and a provision of subrogation similar to section 12. However, in *Tscheiller* v. *National Weaving Co.*, 214 N. C. 449, 199 S. E. 623, it was held, without any reference to the meaning of the phrase, "he or those conducting his business," that an injured employee had a right to maintain a common law action against the co-employee whose negligence caused the injury.

In *Kimbro* v. *Holladay* (La. App.), 154 So. 369, it was held that an injured employee was not prohibited under the local workmen's compensation act from maintaining a common-law action against the manager of the corporate employer for whom the injured employee was working. See annotations in 88 A. L. R. 692, 67 A. L. R. 276, 37 A. L. R. 847, and 19 A. L. R. 793.

In nine states† it is held that the Workmen's Compensation Act denies to the injured employee a right of action for ordinary negligence against his co-employee or fellow serv-

---

*See *Zimmer* v. *Casey*, 296 Pa. St. 529, 536, 146 A. 130; *Churchill* v. *Stephens*, 91 N. J. L. 195, 102 A. 657, 658; *Behr* v. *Soth*, 170 Minn. 278, 212 N. W. 461, 463; *Webster* v. *Stewart*, 210 Mich. 13, 177 N. W. 230, 231; *Thornton* v. *Herman*, 311 Ill. App. 513, 36 N. E. (2d) 840.

†Alabama, Arizona, Colorado, Montana, New York, Oklahoma, Oregon, Utah and Washington.

ant.   This is based in large measure upon the wording of the statute, where the third party is referred to as "another not in the same employ" or "employment."

The compensation law of Ohio has no provision similar to section 11 of the Virginia act.   Notwithstanding this fact, in *Landrum* v. *Middaugh*, 117 Ohio St. 608, 616, 160 N. E. 691, it was held that an employee who suffered injuries from the negligence of his foreman could not accept compensation and maintain an action against the foreman.   It was said: "Since the employe's (foreman's) acts are the acts of the employer, for the purpose of fixing the employer's liabilities, they must logically be held to be the acts of the employer instead of the acts of the employe for the purpose of fixing the liability of the employe."   But see, *Morrow* v. *Hume*, 131 Ohio St. 319, 3 N. E. (2d) 39.

The Montana statute defines "third party" actions to mean "where the cause of such injury has no direct connection with his regular employment, and does not arise out of or necessarily follow as an incident thereof * * * ."   Montana Code, sec. 2839.

Such action against the co-employee was permitted in New York prior to 1934, when section 29 of the New York Workmen's Compensation Act was amended to read: "If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ * * * ."   Under this amendment, it was held, in *Liston* v. *Hicks*, 243 App. Div. 159, 277 N. Y. S. 19, aff'd 269 N. Y. 535, 199 N. E. 523, that compensation was the exclusive remedy of the employee killed or injured by the negligence or wrong of another in the same employ.   See *Schwartz* v. *Forty-Second St., etc., R. Co.*, 175 Misc. 49, 22 N. Y. S. (2d) 752; and annotations in 10 Negligence Compensation Cases (NS) 149, *et seq.*

Chief Justice Rugg, in *Bresnahan* v. *Barre*, 286 Mass. 593, 597, 190 N. E. 815, stated the principle thus:   "One purpose of the workmen's compensation act was to sweep within its provisions all claims for compensation flowing from personal injuries arising out of and in the course of

employment by a common employer insured under the act, and not to preserve for the benefit of the insurer or of the insurer and those injured liabilities between those engaged in the common employment which but for the act would exist at common law. That is the broad ground underlying the decisions already cited."

These are the reasons which impelled us, in the former opinion [184 Va. 553, 35 S. E. (2d) 827], to say: "The fact that Nolde Brothers was charged with notice of plaintiff's employment and gave its implied assent thereto renders the act of Feitig in employing plaintiff the act of Nolde Brothers. Hence, Feitig is not an independent contractor, nor is he such 'other party' against whom plaintiff can proceed for ordinary negligence as is contemplated by section 12 of the Workmen's Compensation Act."

We adhere to the conclusions reached in the former opinion. The judgment of the trial court is reversed and the case dismissed.

*Reversed.*