## CIRCUIT COURT OF THE CITY OF CLIFTON FORGE

Curtis E. Sealey

v.

Rose V. Kershner et al.

February 12, 1982

By JUDGE DUNCAN M. BYRD, JR.

The Court has been confronted with a unique issue in this jurisdictional "plea in bar" by the defendant, Kershner.

It is clear in Virginia that an employee injured by the negligence of a fellow-servant is limited to the rights and remedies afforded by the Compensation Act, and he cannot maintain a common law action for the tort. *Feitig v. Chalkley*, 185 Va. 96, 102 (1946).

The issue is whether or not the plaintiff Sealey and defendant Kershner have a common employer. Are they fellow employees of Leggett Stores or are they employees of Leggett of Lewisburg, West Virginia, and Leggett of Clifton Forge, Virginia, separate corporations, respectively?

The Leggett Stores organization consists of some 90 distinct corporations whose day to day operations are delegated to a management committee consisting of six of the Leggett family shareholders who hold approximately eighty per cent of the shares of stock in each corporation. Much of the corporate business for the respective corporations is centralized including payroll, insurance, employee benefits and tax returns.

A corporation was early defined by the Supreme Court as "an artificial being, invisible, intangible, and existing only in contemplation of law," and this definition has frequently been

approved. It is said that a private corporation may be defined as an association of persons to whom the sovereign has offered a franchise to become an artificial, juridical person, with a name of its own, under which they can act and contract and sue and be sued. 18 Am. Jur. 2d, *Corporations*, § 1.

The principle of piercing the fiction of the corporate entity is. . . to be applied with great caution, and not precipitately. While corporate entities may be disregarded where they are made the implement for avoiding a clear legislative purpose, they will not be disregarded where those in control have deliberately adopted the corporate form in order to secure its advantages and where no violence to the legislative purpose is done by treating the corporate entity as a separate legal person. 18 Am. Jur. 2d, *Corporations*, § 14.

Persons who create a corporation in order to enjoy advantages flowing from its existence as a separate entity are not entitled to have the corporate entity disregarded in situations where it works a disadvantage to them. *Jonas v. State*, 10 Wis.2d 638, 121 N.W.2d 235, 95 A.L.R.2d 880.

The plaintiff Sealey and defendant Kershner are co-employees in many respects and to this extent the clear legislative purpose of the Act would bar this action. However, I fail to see substantial violence to the legislative purpose by not piercing the fiction of the corporate entity.

Considering the principles enunciated herein, I do not believe that this is an appropriate cause to pierce the corporate entity. Therefore, I am of the opinion that Sealey and Kershner are not fellow employees and the "plea in bar" should be overruled.