## CIRCUIT COURT OF THE CITY OF SUFFOLK

Nancy Ann Polak

v.

T. L. Marshall

November 24, 1987

Case No. (Law) L87000022

By JUDGE WESTBROOK J. PARKER

I have carefully considered the pleadings filed herein, the evidence taken on the defendant's plea of workmen's compensation, and the briefs and memoranda filed by both parties. Additionally, I have reviewed some recent cases from the Supreme Court relative to this very same issue.

The issue herein is whether or not the nurse's suit against the physician is barred by the "co-employee doctrine" of the Virginia Worker's Compensation Act. The test developed for Virginia's "co-employee doctrine" is a complex interrelationship among several portions of the Act, each part contributing a different element to be considered.

The provisions of Virginia's Worker's Compensation Act that are most directly relevant to the case at bar are Virginia Code § 65.1-40 and § 65.1-41. Section 65.1-40 is the exclusivity provision, providing that "the rights and remedies herein granted to an employee when he and his employer have accepted the provisions of the act . . . shall exclude all other rights and remedies of such employee" for his injuries. The second pertinent provision is Virginia Code § 65.1-41 which recognizes that the employee still retains the traditional common law rights of action against certain people in stating that the filing of a Worker's Compensation claim by an injured

employee against another operates as an assignment to the employer of any cause of action the employee may have against "any other party" as a result of the injury.

Therefore, one basic question in this case is how to determine the phrase "any other party." Other dominant elements are whether the defendant is a "stranger to the business" of the injured party or her employer coupled with a consideration whether each is engaged in "a part of the trade, business, or occupation" of the other. The facts relevant to these tests generally involve a consideration of whether the parties have similar obligations to perform similar tasks, focusing especially on the details of their respective employments that led up to the injury. Other factors that the courts have considered are whether the employer of the injured party has the right to control the defendant's conduct and whether the employer could have undertaken the work done by the defendant with its own employees.

In *Floyd v. Mitchell*, 203 Va. 269 (1962), the Virginia Supreme Court held that in determining whether an independent contractor is an "other party," the test is whether an independent contractor performs work that is "part of the trade, business, or occupation of the owner. If he is, and in doing the work injures an employee of the owner, then the independent contractor . . . is not a third party against whom the injured employee's right of action is preserved . . . ."

The remedies afforded the employee under Worker's Compensation are exclusive of all other remedies within the field of the particular business, but the Act does not extend to accidents caused by "strangers to the business." The case of *Feitig v. Chalkley*, 185 Va. 96 (1946), indicates that a "stranger to the business" does not include a co-employee thereby establishing Virginia's "Co-employee Doctrine." The cases involving a study of this doctrine ask the question of whether or not the parties had similar obligations to perform similar tasks. There is no question in this case that doctors and nurses have similar obligations to perform similar tasks, although the doctor's obligations and specialties go much further than do the nurse's obligations and specialties.

In the case before the court, the doctor is clearly not a stranger to the business nor is he a stranger in

the field of medical care, which is the field of employment of Louise Obici Hospital. Further, there can be no question that both the nurse, the doctor, and Louise Obici Hospital are a part of the trade, business, or occupation of the other.

Another factor that the courts have considered is whether or not the employer of the injured party had the right to control the defendant's conduct. Clearly in the case before the court, the defendant was not employed by Louise Obici Hospital. However, the physician had to obtain privileges on an annual basis and was and is under constant scrutiny of the hospital. Therefore, the hospital has the right in some particulars to control defendant's conduct.

The cases set forth above and the other cases leading to those decisions have led to the very recent decision in the matter of *Carmody v. Woolworth*, 234 Va. 198 (1987), which I believe controls a case such as the one at bar. In an opinion written by Justice Poff, dated October 9, 1987, in *Carmody*, the court stated that "the appropriate inquiry is not whether Woolworth as owner was engaged in portrait photography business or had ever been, but whether Carmody's sale of portrait photographs was a part of Woolworth's business of operating a department store." The appropriate inquiry in the case at bar is not whether Louise Obici was engaged in the same business as the doctor, but whether the doctor's practice of medicine in the hospital was a part of the hospital's business of operating a medical care facility. It is obvious that a doctor's care of a patient in a hospital is a part of a hospital's business of operating a medical care facility.

The parties herein are part of the "same trade, business, or occupation," and they have similar obligations to perform similar tasks for the hospital; the doctor is not "any other party" nor is he a "stranger to the business"; and finally, pursuant to the line of cases set forth above, the nurse and the doctor are co-employees.

Therefore, it is the court's opinion that the plaintiff's suit against the doctor is barred by the "co-employee doctrine" of the Virginia Worker's Compensation Act.