## CIRCUIT COURT OF THE CITY OF SALEM

Lorraine Smyth, etc.

v.

Thor, Inc.

January 19, 1988

Case No. CL84002207

By JUDGE KENNETH E. TRABUE

Upon review of the pleadings, memorandums of law and the depositions taken in this case, I find that the plaintiff's exclusive remedy is against General Electric-Salem under the Workers' Compensation Act, Va. Code Section 65.1-40 (1987). The plaintiff's decedent, David W. Smyth, was not a "stranger to the work" in that the defendant, Thor, Incorporated, was not an "other party" against whom the plaintiff would have a common law cause of action in the Circuit Court of the City of Salem under the provisions of Va. Code § 65.1-41 (1987).

The facts of this case are fairly stated in the defendant's Memorandum of Law in Support of Motion for Summary Judgment, pages 1 through 5. The facts set forth are adopted as the basis of the court's decision in this case.

Smyth was an employee of GE-Salem and was the project leader working side by side with other GE employees and employees of the defendant, Thor, when he sustained injuries on July 16, 1984, which ultimately resulted in his death on August 4, 1984. The scope of the work was to renovate the electroplating room and to install new processing equipment. GE was not only the owner but also served as its own general contractor, and a substantial portion

of the work was performed by or under the direct control of GE's own employees including Smyth who was the project leader. The defendant, Thor, contracted with GE to demolish the concrete flooring and structures and to perform other concrete work within the electroplating room. Thor's contract was for $100,000 or approximately 10 percent of the $1 million project. Smyth's injuries were sustained when a large exhaust pipe fell and struck him. The portion of the work for the removal of the exhaust pipe was the responsibility of GE employees.

Plaintiff relies heavily upon *Bassett Furniture v. McReynolds*, 216 Va. 897 (1976), and that line of cases beginning with *Sykes v. Stone and Webster*, 186 Va. 116 (1947), which generally consider whether its subcontractor's employee injured by a general contractor's negligence may sue the contractor or owner at common law or whether the general contractor or owner has become the statutory employee of the plaintiff and therefore his exclusive remedy is under the Workers' Compensation Act. These are generally classified as the "up the ladder" or "ascending" scale cases where the factual determination focuses upon whether the work was a part of the manufacturer's business. In other words, was the work being done by the employee of the subcontractor a part of the trade, business or occupation of the contractor or owner above him on the ladder who the injured employee claims was at fault. When the point is reached where the answer is "no," then that employer is not statutorily liable to the injured employee for worker's compensation; but the right of the employee to sue at common law is preserved.

The defendant relies principally upon *Whalen v. Dean Steel*, 229 Va. 164 (1985), and the "down the ladder" or "descending" cases which deal with an owner or contractor's employee who seeks to sue a subcontractor. This line of cases focuses on the issue as to whether the defendant had to be a stranger to the trade, occupation or business in which the plaintiff was involved. If the defendant subcontractor is not a stranger to the employment and the work, then he is under the canopy of protection of the Workers' Compensation Act and the guarantee of compensation to the injured plaintiff is a bar to any common law suit against all employers also covered thereunder. The Supreme Court in *Whalen* acknowledge that the two lines

of cases present questions obverse to each other and that the statutory employee rule of *Bassett* is inapplicable where a general contractor's employee seeks to sue a subcontractor. *Whalen* at 170. I am satisfied that under the facts of the instant case that Thor was not a stranger to the work being performed by GE-Salem and is therefore within the canopy of the Workers' Compensation Act and not subject to an action for negligence by the plaintiff who is admittedly an employee of GE working in the scope of his duties as project leader on the very work for which Thor had been subcontracted to do a small part. As stated in *Whalen*:

> It is clear from a comparison of these precedents that the rule of *Feitig v. Chalkley*, 185 Va. 96, . . . (1946), has become firmly fixed in Virginia. It requires that the facts of each case be analyzed to determine whether the defendant in a common-law action was, at the time of the plaintiff's injury, a stranger to the work in which the plaintiff was engaged. If the defendant was "no stranger," then he was not an "other party" within Code § 65.1-41, and the common-law action against him is barred by Code Section 65.1-40. There is no clearer illustration of this principle than the case of a subcontractor who has undertaken to perform a fraction of the construction work for which a general contractor has overall responsibility.

It is clear from the evidence in this case that GE-Salem served as is own general contractor in this case. For the above reasons, defendant's special plea challenging the jurisdiction of this court must be sustained and the motion for judgment dismissed.