## CIRCUIT COURT OF CHESTERFIELD COUNTY

Walter D. Hiles

v.

James Richardson
and Buildecon, Inc.

March 30, 1989

Case No. (Law) 88-118

By JUDGE HERBERT C. GILL, JR.

On March 15, 1989, counsel presented argument in regard to defendant Buildecon's special plea and demurrer. Defendant Buildecon asserts that plaintiff's action for assault is barred by the exclusivity provision of the Virginia Workers' Compensation Act. Defendant Buildecon further argues that plaintiff's allegations fail to state a claim for punitive damages. Plaintiff, an employee for a subcontractor, argues that the Act fails to preclude an action for assault against defendant Richardson, the project supervisor, and the defendant Buildecon, the general contractor.

The precise issue presented to the Court is whether an assault as alleged constitutes an "accident" and whether the claim arose out of and in the course of employment within the provisions of the Virginia Workers' Compensation Act. Granting defendant's special plea forecloses consideration of the demurrer.

Upon consideration of the argument and memoranda presented, it is the opinion of the Court that the Act precludes plaintiff's action, thereby granting the defendant's special plea. Plaintiff's action is dismissed as to defendant Buildecon and defendant Richardson. Counsel for defendant Buildecon is directed to draft an order in accordance with this opinion.

Section 65.1-40 of the Virginia Code, the Virginia Workers' Compensation Act hereinafter referred to as the "Act," provides as follows:

> The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death.

Plaintiff relies upon the holding in *McGreevy v. Racal-Dana Instruments, Inc.*, 690 F. Supp. 468 (E.D. Va. 1988). In *McGreevy*, Judge Ellis recognized an employer intentional tort exception to the exclusivity provision of the Virginia Workers' Compensation Act. The plaintiff in *McGreevy*, had alleged intentional infliction of emotional stress by his former employer. Judge Ellis reasoned:

> In a negligence context, the policies and purposes of the WCA are met. "The issue of negligence or non-negligence of the employer . . . is eliminated." *Feitig*, 38 S.E.2d at 74 (emphasis added). However, in the intentional tort context, there is no "trade off," and an employee is deprived of his tort remedy without any concomitant benefit. *Id.*, 690 F. Supp. at 472 (E.D. Va. 1988).

Judge Ellis recognized that his decision was in conflict with that of Judge Spencer in *Haigh v. Matsushita Electric Corp.*, 676 F. Supp. 1332 (E.D. Va. 1987). Judge Spencer, in *Haigh*, dismissed the plaintiff's emotional distress claim, holding that Virginia's Workers' Compensation Act provided the exclusive remedy. Judge Spencer reasoned:

> The Act is a result of a compromise between employers and employees, and as such, the creation

or recognition of an exception to the general rules of the Act must only be undertaken with an eye toward the Act's compromise and the underlying purposes of the Act. *Id.*, 676 F. Supp. at 1354 (E.D. Va. 1987).

Judge Spencer noted that the Virginia Supreme Court in *Feitig v. Chalkley*, 185 Va. 96 (1946), stated:

The employee surrenders his right to a trial by jury and agrees to accept an arbitrary amount fixed by statute in lieu of compensation for the injuries sustained. He gains a wider security. The issue of negligence or non-negligence of the employer and the fellow servants is eliminated. *Id.*, 185 Va. at 98 (1946).

As noted by counsel and Judge Spencer, several state legislatures and courts have recognized an employer intentional tort exception. Although such information has presumably been available to the Virginia General Assembly, the Act has not been amended. Judge Spencer concluded:

That inaction sends a message to this Court, and the message is that the members of the General Assembly have not, at least as 'yet, deemed it advisable to jump on the majority rule bandwagon. *Haigh v. Matsushita Electric Corp.*, 676 F. Supp. 1332 (E.D. Va. 1987).

This Court concurs with the rationale set forth in *Haigh*. Liability is not at issue given that the injury is "by accident" and "arises out of and in the course of employment."

An accident is, "an event happening without any human agency, or, if happening through a human agency, an event which, under the circumstances, is unusual and not expected by the person to whom it happened." *Big Jack Overall Co. v. Bray*, 161 Va. 446 (1933). An accident occurs in the course of the employment, "when it takes place within the period of employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling his duties of employment." *Haigh v. Matsushita*

*Electric Corp.*, 676 F. Supp. 1332 (E.D. Va. 1987), citing *Conner v. Bragg*, 203 Va. 204 (1962).

An accident arises out of the employment, "if there is a causal connection between the claimant's injury and the conditions under which the employer requires work to be done." *Reamer v. Nat'l. Serv. Indus., Inc.*, 237 Va. ---, 377 S.E.2d 627 (1989), citing *R & T Investments v. Johns*, 228 Va. 249 (1984). The Act compensates and precludes a common law action for assaults directed against the party as an employee or because of his employment and not an assault of a "personal" nature. *Id.*

Intentional torts may constitute an accident under the Act. In construing the Virginia Workers' Compensation Act, the Virginia Supreme Court has said:

> Whatever views we might have had on the question as an original proposition, it is now well settled by unanimity of decisions, both in England and in this country, that, although the injury is the result of the willful and intentional assault of either a fellow employee or a third person, this fact does not prevent the injury from being accidental within the meaning of the Act. *Continental Life Insurance Company v. Gough*, 161 Va. 755 (1934). *See also Farmers Mfg. Co. v. Warfel*, 144 Va. 98 (1926).

Plaintiff admitted the following:

1. Defendant Richardson was employed by defendant Buildecon as its general superintendent or project supervisor at the time and place of the alleged assault.

2. Plaintiff was employed by and acting within the scope of his employment with Glenn Kay's Drywall at the time and place of the alleged assault.

3. Glenn Kay's Drywall was engaged in the trade, business, or occupation of defendant Buildecon at the time and place of the alleged assault.

Upon review of the testimony given by plaintiff and defendant Richardson before Judge Daffron on August 25, 1988, it is obvious that preceding the assault, defendant Richardson had been agitated by plaintiff's inquiries in regard to the project. Plaintiff's presence near defendant Richardson's desk and comment relating to Richardson's

willingness to provide a slide rule so irritated defendant Richardson as to invoke his anger and result in plaintiff's removal from the office.

The record, and in particular, plaintiff's admissions, establishes that any injuries incurred were "by accident" as previously defined and "arose out of and in the course of employment." Plaintiff was "assaulted" in a trailer at his place of work, during working hours, while fulfilling his duties of employment and because of his employment.

The Fourth Circuit has stated, albeit in dicta, that, "there are no exceptions to the employer's statutorily created immunity recognized in Virginia either in the language of the Act or by case law." *Walthall v. Fletcher & Sons, Inc.*, 861 F.2d 715 (4th Cir. 1988), citing *Joyce v. A.C.Ns., Inc.*, 785 F.2d 1200 (4th Cir. 1986). The Fourth Circuit case of *Joyce v. A.C.Ns., Inc.*, 785 F.2d 1200 (4th Cir. 1986), is often cited for the proposition that the Act precludes common law actions for intentional torts. The Court in *Joyce* more specifically held that even assuming application of the so-called "Indiana Rule," plaintiff's claim was precluded as failing to allege that the intentional acts were designed to cause certain injuries. Furthermore, as noted by counsel for defendant Buildecon, the Virginia Supreme Court has refused appeals by employees whose civil actions against their employers alleging gross negligence, willful, wanton and reckless conduct, as well as intentional acts were dismissed by the trial court as being barred by the Act. *See e.g., McClintock v. Island Creek Coal Company*, Case No. 194-84 (Circuit Court of Buchanan County, 1984), appeal refused, Record No. 850217 (November 22, 1985).

Until the legislature or the Virginia Supreme Court expressly states otherwise, this Court is of the opinion for the aforementioned reasons that an employer intentional tort exception is not appropriate. Plaintiff's action as to defendant Buildecon and defendant Richardson is dismissed.