## CIRCUIT COURT OF HENRICO COUNTY

Julia A. Brooks

v.

Stuart A. Napier, III

August 11, 1989

Case No. CL88000811

By JUDGE JOSEPH F. SPINELLA

The plaintiff in this case brings suit against the defendant for personal injury resulting from an automobile accident in which the plaintiff was a passenger and the defendant was the driver. At the time of the accident the plaintiff was an employee of the Division of Motor Vehicles and the defendant was driving the car and was being tested for the purpose of obtaining an operator's license. The defendant was not an employee of the Division of Motor Vehicles at the time of the accident. The plaintiff filed for benefits under the Virginia Worker's Compensation Act and has received benefits thereunder.

The defendant has asserted as an affirmative defense that the plaintiff's injuries arose out of the course of her employment and that she is barred from recovery against the defendant under the theory that the defendant was not a stranger to the business in which plaintiff was employed. The issue, therefore, is whether the defendant is an "other person" to the employment of the plaintiff under the Virginia Worker's Compensation Act.

The defendant states that the Code Sections to be considered are Section 65.1-29, Code of Virginia as amended:

When any person (in this Section and Sections 65.1-31 and 65.1-32 referred to as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this Section and Sections 65.1-21 to 65.1-34 referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Act which he would have been liable to pay if the workman had been immediately employed by him. (Code 1950, Section 65-26; 1968, c. 660).

and Section 65.1-40, Code of Virginia as amended:

The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death.) (Code 1950, Section 65-37; 1968, c. 660).

Under the case of *Feitig v. Chalkley*, 185 Va. 96 (1946), it is stated:

The fundamental purpose of the Act is to give compensation for accidental injuries within the hazards of the employment. The Act does not apply to accidents outside the field of industrial hazards . . . . If the employee at the time was performing his employer's business and received an accidental injury occasioned by a negligent third party, so far as the employee was concerned he was entitled to compensation, but such an expense was not intended to be ulti-

mately cast upon the business unless recovery from the third party was impossible.

In the case of *Whalen v. Dean Steel Company*, 229 Va. 164 (1985). The Court cites the *Feitig* case with approval and states that the rule of that case has become firmly fixed in Virginia:

> It requires that the facts of each case be analyzed to determine whether the defendant in a common law action was, at the time of the plaintiff's injury, a stranger to the work in which the plaintiff was engaged. If the defendant was "no stranger", then he was not an "other party" within Code Section 65.1-41 . . . .

In applying that test to this case the Court is of the opinion that the defendant was a stranger to the work of the Division of Motor Vehicles and can be held responsible for the negligence in the operation of the motor vehicle. There is no question that the plaintiff was performing her duties within the scope of her employment and that she is entitled to file her claims under the Worker's Compensation Act but this does not prevent her from seeking to recover from the defendant. The employer in this case could not exercise any dominion or control over the actions of the defendant and the defendant performed no act in the furtherance of the business of the employer. In the case of *Bosher v. Jamerson*, 207 Va. 539 (1966), the Court had before it the question of whether the plaintiff was an "other party" and the Court stated this:

> The test is whether at the time fo the accident Granderson was performing work on behalf of his employer, Bosher, that was part of the trade, business or occupation of Jamerson's employer, Re-Com Corporation.

It is the opinion of the Court that the defendant is an "other party" under the circumstances of this case and is a stranger to the work of the plaintiff and her

employer. Accordingly, the plaintiff is not barred from proceeding against the defendant in this action.