## CIRCUIT COURT OF FAIRFAX COUNTY

George Ferreira

v.

Boeing Service Co. et al.

October 17, 2002

Case No. (Law) 200897

By Judge Michael P. McWeeny

This matter came before the Court upon the defendants' Plea in Bar to Court I of the Motion for Judgment. The defendants contend that the plaintiff's cause of action is barred by the exclusivity provisions of the Virginia Workers' Compensation Act. For the reasons stated, below, the Plea in Bar is sustained.

*Facts*

The plaintiff, George Ferreira, was employed by Vance Uniform Protective Services, Inc. ("Vance"), and was assigned to the defendants' ("Boeing") property as an armed security officer. While conducting a perimeter foot patrol as part of his duties, Ferreira slipped on a patch of ice, fell, and was injured.

At the time of the injury, there were two contracts applicable to this case. First, Vance was providing security services pursuant to a contract with Boeing. The Statement of Work incorporated into said contract provides in part "Contractor (Vance), acting as an independent contractor, shall be responsible for all phases of the protection of the facility...." (Defendants' Exhibit No. 3.) Second, Boeing was obligated to maintain the premises, including the responsibility of providing physical security, by a contract with the United States government (U.S.). The Statement of Work incorporated into that contract states:

The Contractor (Boeing) shall provide Uniform Protection Services for the Sponsor's (U.S.) facilities. These services shall include armed officers at key entrances/exits to the Sponsor's compound and facilities covered under this or other contracts between the Sponsor and the Contractor.

(Defendant's Exhibit No. 1.)

The evidence submitted, while brief, established that Boeing was in the business of operation and maintenance of facilities such as the one in question. In that capacity, Boeing contracted for Vance to provide physical security and supervised Vance and its security service; however, it did not provide the side arms to the armed security officers.

## Issue

There is no dispute that Ferreira was injured in an accident arising out of and in the course of his employment with Vance. The sole question is whether at the time of the injury he was a statutory employee of Boeing and therefore barred from pursuing a common law claim by application of Virginia Code §§ 65.2-302 and 65.2-307.

## Analysis

The determination of whether Ferreira is a statutory employee of Boeing presents a mixed question of law and fact. *Cooke v. Skyline Swannanoa*, 226 Va. 154, 156, 307 S.E.2d 246 (1983). Va. Code §§ 65.2-302(A) and (B) provide the legal framework:

A. When any person (referred to in this section as "owner") undertakes to perform or execute any work which is a part of his trade, business, or occupation and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.

B. When any person (referred to in this section as "contractor") contracts to perform or execute any work for another person which

work or undertaking is not a part of the trade, business, or occupation of such other person and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under the subcontractor of the whole or any part of the work undertaken by such contractor, then the contractor shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if that worker had been immediately employed by him.

The Code sections above are the result of the recodification of previous Va. Code §§ 65.1-29, 65.1-30, and 65.1-31. They would appear to incorporate the earlier opinions of the Supreme Court of Virginia.

The Supreme Court addressed the issues of the subcontractor as statutory employee in the case of *Shell Oil Co. v. Leftwich*, 212 Va. 715, 187 S.E. 162 (1972):

The test is not one of whether the subcontractor's activity is useful, necessary, or even absolutely indispensable to the statutory employer's business. ... The test (except in cases where the work is obviously a subcontracted fraction of the main contract) is whether this indispensable activity is, in that business, *normally* carried on through employees rather than independent contractors.

212 Va. at 722 (emphasis added) (citing Larson, *The Law of Workman's Compensation*, vol. 1A, § 49.12, pp. 872-73).

This test has been divided into two prongs: the "normal-work test" and the "subcontracted-fraction test." *Cinnamon v. International Business Machines*, 238 Va. 471, 476, 384 S.E.2d 618 (1989). Simply stated, in determining if a subcontractor's employee is a statutory employee of the owner, the normal-work test relates to work which is performed as a part of the trade, business, or occupation of the owner, while the subcontracted-fraction test relates to work the owner is contractually obligated to perform but which is outside of the owner's trade, business, or occupation. These prongs or tests are to be applied progressively; that is, the normal-work test is the first step in the analysis with the subcontracted-fraction test to be applied only if the requirements of the first test are not met. If neither test requirements are fulfilled, the subcontractor and his workers are not statutory employees of the owner or general contractor.

There is yet a third test which has been derived from Va. Code § 65.2-309(A) wherein the right of an injured worker to maintain a common

law action against an "other party" is recognized. This is the "stranger to the work test." *Whalen v. Dean Steel Co.*, 229 Va. 164, 327 S.E.2d 102 (1985). "If the employee is performing the duties of his employer and is injured by a stranger to the business, the compensation prescribed by the act is available to him, but that does not relieve the stranger of his full liability for the loss.... *Feitig v. Chalkley*, 185 Va. 96, 102, 38 S.E.2d 73 (1946). It supplements the subcontractor as statutory employee analysis. This test is to be used when an employee of the owner (or general contractor) is injured by an employee of a subcontractor. The normal-work test cannot be applied under those facts, as rarely would the owner's employee be engaged in the trade, business, or occupation of the subcontractor.

> The test is not whether the owner, by engaging an independent contractor to perform some part of his business, thereby engages in the business of the independent contractor. It is whether the independent contractor is performing work that is part of the trade, business, or occupation of the owner. If he is, and in doing the work and injures an employee of the owner, then the independent contractor, in the same fashion as any other employee of the owner, is not a third party against whom the injured employee's right of action is preserved....

*Floyd, Administratrix v. Mitchell*, 203 Va. 269, 274, 123 S.E.2d 369 (1962).

As Ferreira was an employee of the subcontractor, the normal-work test can be applied and the stranger to the work test defined in *Whalen, supra, Feitig, supra,* and *Floyd, supra,* need not be addressed. In the same way, the analysis of *Fowler v. International Cleaning Service, Inc.*, 260 Va. 421, 537 S.E.2d 312 (2000), is inapposite to the facts of this case.

In the case at bar, Ferreira urges the Court to apply the normal-work test to establish that he is not a statutory employee of Boeing. At least initially through its papers, Boeing also attempts to use the test to produce the opposite result.

Boeing contends that its employees are directly involved in the security functions. This position is not supported by the documentary evidence or the testimony. As argued by Ferreira, the Court finds that Boeing is not in the trade, business, or occupation of providing physical security and has arranged for Vance, an independent contractor, to perform this task.

Ferreira, however, fails to complete the analysis and relies upon the single prong to establish that he is not a statutory employee. This ignores Va. Code § 65.2-302(B) and the subcontracted-fraction test. Boeing, however, recognized

the second prong, especially in its oral argument, and contends that Ferreira, by application of the next test, is its statutory employee. The Court agrees.

The Court finds that Boeing entered into a contract wherein it was required to provide physical security as a part of the whole project. In order to complete its obligation it contracted with Vance to perform that fraction of the contract, which fraction was not part of its own trade, business, or occupation. In applying the subcontracted-fraction test, the Court finds Ferreira to have been a statutory employee of Boeing at the time of the accident and injury.

## Conclusion

The Worker's Compensation Act and its predecessor were "enacted for the beneficent purpose of attaining a humanitarian end which had, hitherto, been frustrated by the inexorable rules of the common law." *A. Wilson & Co. v. Matthews*, 170 Va. 164, 167, 195 S.E. 490 (1938). The purpose is to protect the workers. "Under the Act, both employer and employee surrender former rights and gain certain advantages." *Fauver v. Bell*, 192 Va. 518, 521-22, 65 S.E.2d 575 (1951). In return for a sum fixed by statute, the worker no longer faces the common law defenses of contributory negligence and assumption of risk. It is clear that the public policy of the Act is to extend its protection and security to as much of the work force as possible. The price of this security includes the loss of the common law action against a "statutory employer."

The Court finds Ferreira, as the statutory employee of Boeing, to be barred from pursuing the cause of action set forth in Count I of the Motion for Judgment. The Plea in Bar is sustained and, as this was the last remaining count, the case is dismissed with prejudice.