COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Humphreys and Alston
Argued at Richmond, Virginia


FRANCIS CHESTER, ESQ.

MEMORANDUM OPINION[*] BY
v.      Record No. 0166-09-2      JUDGE ROSSIE D. ALSTON, JR.
                                  NOVEMBER 24, 2009
BARRY WYATT REDIFER,
  CINCINNATI INDEMNITY COMPANY AND
  UNINSURED EMPLOYERS' FUND


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        J.P. McGuire Boyd, Jr. (Calvin W. Fowler, Jr.; Williams Mullen, on
        briefs), for appellant.

        James B. Feinman (James B. Feinman & Associates, on brief), for
        appellee Barry Wyatt Redifer.

        Joseph C. Veith, III (Trichilo, Bancroft, McGavin, Horvath &
        Judkins, P.C., on briefs), for appellee Cincinnati Indemnity
        Company.

        Thomas G. Bell, Jr. (Timberlake, Smith, Thomas & Moses, P.C.,
        on brief), for appellee Uninsured Employers' Fund.


        Francis Chester (Chester) appeals a decision of the Workers' Compensation Commission

(the commission) finding Barry Redifer (claimant) suffered a compensable neck injury.

Cincinnati Indemnity Company (Cincinnati) concurs in Chester's appeal and assigns cross-error,

asserting the commission erred in failing to dismiss Cincinnati based on res judicata.  Uninsured

Employers' Fund (Uninsured) concurs in Chester's appeal and also assigns cross-error.

Uninsured asserts the commission erred in deciding that Cincinnati did not provide insurance

coverage for employer, Cestari, Ltd. (Cestari).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

We hold the commission did not err in finding Cestari liable for claimant's neck injury. We further hold the commission did not err in declining to apply res judicata to dismiss the claims against Cincinnati. Finally, we hold the commission did not err in determining Cincinnati did not provide insurance coverage for Cestari. Thus, we affirm the commission's decision.

## I. BACKGROUND

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal.

Chester owns Cestari, Cestari Sheep & Land Co., LLC, and a private law office. Chester maintains a workers' compensation insurance policy with Cincinnati. The policy lists Francis Chester, not Cestari or Cestari Sheep & Land Co., LLC, as the insured. The insurance policy provides coverage for Chester's law office and retail employees.

Claimant was employed as a machine operator for Cestari. On October 9, 2006, claimant was injured when his right hand got caught in a wool press machine, injuring his hand, and knocking his face and teeth into the machine. Claimant immediately sought treatment at the University of Virginia Medical Center, and was treated by Dr. Bobby Chhabra. Claimant mentioned neck pain to Dr. Chhabra, but Dr. Chhabra declined to treat claimant for neck pain or refer him to another physician for further treatment. Chester specifically declined to authorize treatment for any neck pain. Claimant subsequently began treatment for neck pain with Dr. Ronald Lowman at Lowman Chiropractics.

Claimant filed a claim for benefits with the commission, listing Cestari as his employer. Cincinnati notified the commission that its insurance coverage extended to Chester, not Cestari and, accordingly, the commission dismissed Cincinnati and added Uninsured as a defendant in the case. Chester asserted that he was, in fact, claimant's employer because Cestari was merely a

- 2 -

sham corporation. Because of confusion over claimant's employer at the time of the accident, Chester was joined as a defendant and Cincinnati was added back to the claim.

At a hearing before the deputy commissioner, the parties agreed that claimant suffered compensable injuries to his face and hand. However, the parties contested the injury to claimant's neck, as well as who was responsible for claimant's injuries. At some point in the proceedings, the deputy commissioner declined to take further evidence, stating that he would decide who employed claimant at the time of the injury, but he would not decide whether Cincinnati's insurance coverage extended to that employer. The deputy commissioner found claimant's neck injury was not compensable. He also found that Cestari was claimant's employer. Despite the deputy commissioner's statement that he would not decide whether Cincinnati insured the claim, the commissioner found that Cincinnati did not provide coverage for Cestari.

The parties appealed to the full commission. The commission reversed the deputy commissioner in part, finding that claimant's neck injuries were compensable and that Dr. Lowman was claimant's authorized treating physician. The commission affirmed the deputy commissioner's finding that Cestari was claimant's employer. However, the commission declined to dismiss Cincinnati based on res judicata, holding that the earlier dismissal of Cincinnati did not bar litigation as soon as it was determined that Chester was not claimant's employer. Finally, the commission found that it was harmless error for the deputy commissioner to determine that Cincinnati did not provide coverage, after stating that he would not make such a determination. This appeal followed.

II. ANALYSIS

The fundamental purpose of the Virginia Workers' Compensation Act (the Act) is to give compensation for accidental injuries arising out of and in the course of employment without

- 3 -

regard to fault. Lawrence J. Pascal, Virginia Workers' Compensation: Law and Practice, 1-3 (3d ed. 2000). "'It is as essential to industry as it is to labor.'" Id. (quoting Feitig v. Chalkley, 185 Va. 96, 98, 38 S.E.2d 73, 73 (1946)). "It extends the employer's liability to *all* accidental personal injuries 'arising out of and in the course of the employment.'" Id. (quoting Feitig, 185 Va. at 98, 38 S.E.2d at 73) (emphasis added). Although workers' compensation should not go to the extent of requiring that every claim asserted be allowed, the Act was enacted for the purpose of attaining a humanitarian and beneficent purpose, and is highly remedial and to be liberally construed in the favor of the workman. See Humphries v. Newport News Shipbuilding Dock & Supply Co., 183 Va. 466, 479, 32 S.E.2d 689, 695 (1945); Gobble v. Clinch Valley Lumber Co., 141 Va. 303, 305, 127 S.E. 175, 176 (1925); see also Corporate Res. Mgmt. Inc. v. Southers, 51 Va. App. 118, 126, 655 S.E.2d 34, 38 (2008) (en banc).

## A. NECK INJURY

On appeal of a decision from the commission, the Court construes the evidence in the light most favorable to the party prevailing below and must uphold the commission's findings of fact if the record contains evidence to support them. Lynchburg Foundry Co. v. Goad, 15 Va. App. 710, 712, 427 S.E.2d 215, 217 (1993). In the instant case, we construe the facts regarding claimant's neck injury in the light most favorable to him.

Chester, Cincinnati, and Uninsured first contend the commission erred in finding claimant's neck injury was a compensable injury and claimant's treatment with Dr. Lowman was authorized.[1] "Causation of a medical condition may be proved by either direct or circumstantial

---

[1] Uninsured initially contests Chester's right to bring this appeal, noting that the award of the commission was entered against Cestari, not Chester. Uninsured argues that the commission's order was not a final order as to Chester. A "final award" is "a decision of the [commission] granting or denying, or changing or refusing to change, some benefit payable or allowable under the Workers' Compensation Act and leaving nothing to be done except to superintend ministerially the execution of the award." Jewell Ridge Coal Corp. v. Henderson, 229 Va. 266, 269, 329 S.E.2d 48, 50 (1985). Although the commission granted benefits to

evidence, including medical evidence or 'the testimony of a claimant.'" <u>Farmington Country Club v. Marshall</u>, 47 Va. App. 15, 26, 622 S.E.2d 233, 239 (2005) (quoting <u>Dollar Gen. Store v. Cridlin</u>, 22 Va. App. 171, 176, 468 S.E.2d 152, 154 (1996)). "The commission's determination regarding causation is a finding of fact." <u>Id.</u>

> In determining whether credible evidence exists to support the commission's findings of fact, "the appellate court does not retry the facts, reweigh . . . the evidence, or make its own determination of the credibility of the witnesses." Thus, unless a reviewing court can say as a matter of law that claimant failed to sustain her burden of proving causation, the commission's findings are binding and conclusive upon us.

<u>Id.</u> at 26-27, 622 S.E.2d at 239 (quoting <u>Wagner Enters. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991)).

The medical record indicates that claimant was pulled into the machine so hard that his teeth were knocked out and his lip sliced open. The parties agree that when claimant was jerked into the machine, he struck his head and face on the machine itself. Further, the record shows that when claimant was initially treated for his injuries by Dr. Chhabra, he complained of neck pain. Dr. Chhabra simply refused to treat him for such pain. In the hearing before the deputy commissioner, claimant testified that although he complained about neck pain, his doctors were more concerned with the injuries to his hand because those injuries were more severe. Finally, Dr. Lowman's records indicate that he was treating claimant for neck pain resulting from the work injury. Based on the evidence, we cannot say that claimant failed to sustain his burden of proving causation. Thus, we defer to the commission's findings and its conclusion that claimant's neck injury is a compensable claim.

---

claimant from Cestari, Chester has both an interest in and potential liability arising out of his stake as a shareholder in Cestari. Accordingly, the commission's decision was a final order appealable by Chester.

Chester, Cincinnati, and Uninsured also contest the fact that Dr. Lowman was an authorized treating physician. Under Code § 65.2-603, "the employer has the obligation and responsibility to supply medical treatment that is prompt, in compliance with the statutory requirements on choice of physicians, and adequate. If the employer fails to do so, the claimant may make suitable arrangements to acquire such treatment at the employer's expense." Goodyear Tire & Rubber Co. v. Pierce, 9 Va. App. 120, 128, 384 S.E.2d 333, 338 (1989) (citing prior Code § 65.1-88). Code § 65.2-603(C) provides,

> if in an emergency or on account of the employer's failure to provide the medical care . . . or for other good reasons, a physician other than provided by the employer is called to treat the injured employee, . . . the reasonable cost of such service shall be paid by the employer if ordered to by the Commission.

H. J. Holz & Son v. Dumas-Thayer, 37 Va. App. 645, 653, 561 S.E.2d 6, 10 (2002).

The parties stipulated that claimant's employer refused to supply medical care for neck pain and that Dr. Chhabra declined to provide such treatment. Accordingly, claimant was free to select his own treating physician for neck pain, and under Code § 65.2-603(C), the commission was authorized to order employer to pay the reasonable cost of such service.

## B. RES JUDICATA

Cincinnati argues that once Cestari was found to be claimant's employer, the commission should have applied res judicata to dismiss the claim against Cincinnati. Cincinnati contends that when the commission determined that Cestari, and not Chester, was liable for the claim, the earlier order dismissing Cincinnati barred any determination as to whether Cincinnati provided coverage for Cestari.

It is well established that the doctrine of res judicata is applicable to the commission, and bars litigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies. K & L Trucking Co. v. Thurber, 1 Va. App. 213,

219, 337 S.E.2d 299, 302 (1985). A plea of res judicata will be sustained if a valid final judgment was entered which resolved the claim on its merits. Bates v. Devers, 214 Va. 667, 670-71, 202 S.E.2d 917, 920-21 (1974). The party asserting the defense of res judicata must show by a preponderance of the evidence that the claim should be precluded by the prior judgment. Id. at 671, 202 S.E.2d at 921.

Neither the claim nor the parties were the same at the time the original order was entered dismissing Cincinnati, and the time the deputy commissioner determined that Cestari, and not Chester, was claimant's employer. The commission correctly noted that at the time Cincinnati was originally dismissed from the claim, the issue was whether Cincinnati was the insurer for Cestari. The claim changed as Chester alleged that he was the employer, not Cestari. At that point, Cincinnati was added back to the claim for a determination of whether Cincinnati provided coverage for Chester, in his capacity as owner of Cestari. Whether Cincinnati provided coverage for Chester, as owner of Cestari, was neither addressed nor litigated at the time the commission entered the first order. Further, Uninsured was not a party to the claim when Cincinnati was originally dismissed. For these reasons, the commission did not err in finding that res judicata did not apply to the claims against Cincinnati.

## C. CINCINNATI'S INSURANCE COVERAGE

At the conclusion of the hearing before the deputy commissioner, the deputy commissioner stated that he would not take further evidence and he would not decide whether or not Cincinnati provided coverage for the claim. The deputy commissioner's opinion then made the determination that Cincinnati did not provide coverage under the circumstances. Uninsured argues that the deputy commissioner erred in deciding that Cincinnati does not provide coverage for the claim, given the commissioner's statement that he would not make such a determination. Uninsured does not contest the fact that the deputy commissioner had jurisdiction to make such a

determination, just that it was "unfair" under the circumstances. Essentially, Uninsured's contention is that the commission abused its discretion in declining to take further evidence or remand the issue to the deputy commissioner for further evidence.

Code § 65.2-700 vests the commission with jurisdiction to determine all questions arising under the Act. Questions between the insurer and the employer or another insurer arise under the Act insofar as they affect the rights of an injured employee. Bogle Dev. Co. v. Buie, 250 Va. 431, 434, 463 S.E.2d 467, 468 (1995). Further, Code § 65.2-705(A) provides that the commission shall "review the evidence or, if deemed advisable, . . . hear the parties at issue." Accordingly, the commission has the authority to decide the issue of coverage without remanding to the deputy commissioner for further evidence. Clinch Valley Med. Ctr. v. Hayes, 34 Va. App. 183, 189, 538 S.E.2d 369, 372 (2000).

As the commission found, it was harmless error for the deputy commissioner to determine coverage after refusing to take further evidence. The deputy commissioner considered: testimony from Chester that Cestari was covered under Cincinnati's policy; depositions from Cincinnati's underwriting insurance agent, stating that Cestari employees were not covered under its policy; and the insurance policies themselves. This evidence was subject to cross-examination by Uninsured.

Although Chester argued that Cincinnati's policy covered Cestari, the evidence before the deputy commissioner clearly showed otherwise. Chester was the named insured on the policy, not Cestari. The testimony of Cincinnati's underwriting agent was that she specifically told Chester that coverage for Cestari would need to be obtained through a separate policy. The underwriting agent also told Chester that the current policy covered only retail workers. This evidence supports the deputy commissioner's determination that Cincinnati did not provide coverage for Cestari.

Uninsured asserts that given the chance, it would have presented evidence that Cincinnati should be liable for coverage, and then Cincinnati could adjust its premium with Chester. However, Uninsured provided no legal authority for such a conclusion. Further, the commission was presented with that argument and chose not to take further evidence, stating that, under the circumstances, no additional evidence would alter the determination that Cincinnati did not provide coverage for Cestari. It was well-within the commission's discretion to decline to take further evidence given the testimony that was already presented to the deputy commissioner and argued by the parties on brief to the commission. Accordingly, the commission's decision to uphold the deputy commissioner's determination was not erroneous.

### III. CONCLUSION

For these reasons, we hold the commission did not err in finding claimant's neck injury was caused by the accident. We further hold the commission did not err in declining to apply res judicata to dismiss the claims against Cincinnati. Finally, we hold the commission did not err in determining Cincinnati did not provide insurance coverage for Cestari. Accordingly, we affirm the decision of the commission.

<u>Affirmed.</u>