## Richmond

### HERBERT E. STEWART

### V.

### BASS CONSTRUCTION COMPANY, INC., ET AL.

March 12, 1982.

Record No. 791251.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, Stephenson, JJ., and Harrison, Retired Justice.

*Christopher Allen Meyer (James A. Eichner; Allen, Allen, Allen & Allen,* on briefs), for appellant.

*John M. Oakey, Jr. (McGuire, Woods & Battle,* on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

Herbert E. Stewart filed this action at law against Bass Construction Company, Inc., seeking damages for a personal injury which he alleged resulted from Bass's negligence. Bass moved to dismiss the suit on the ground that Stewart's sole right to recovery was under the Virginia Workmen's Compensation Act. After hearing evidence on the motion, the trial court dismissed the suit and this appeal ensued.

Stewart, a mechanic, was employed by the Federal Paper Board Company. Federal manufactures pulp and paper products. As a part of its manufacturing process it purifies and recycles water, using aerators installed in lagoons. Each aerator weighs approximately 2,000 pounds.

Bass is primarily engaged in construction work, but it also provides cranes and operators to companies to be used in industrial

work. Federal had, on a number of occasions, rented a crane and operator from Bass.

An aerator at Federal's plant needed repair. As was its custom, Federal endeavored to remove the aerator from the lagoon and take it to the plant maintenance shop. A crane was ordered from Bass to assist in the removal.

Three Federal employees and Bass's crane operator participated in moving the aerator. Stewart was in charge of the operation. The Federal employees, working from a boat, disconnected the aerator and pulled it closer to shore so it could be lifted by the crane. After they attached the crane's hook to the aerator, Stewart signaled the crane operator to raise the boom. Stewart was injured when the boom became entangled in some overhead electric lines. He was paid workmen's compensation benefits by Federal.

■ Code § 65.1-40 states that the rights and remedies granted under the Workmen's Compensation Act "shall exclude all other rights and remedies" of an employee to recover for an injury received during the course of his employment. Code § 65.1-41 provides, however, that an employee can maintain an action at law against the person causing his injury, provided such person is an "other party." Our task is to determine whether Bass was an "other party."

■ The test to be applied in the present case was first stated in *Feitig* v. *Chalkley*, 185 Va. 96, 38 S.E.2d 73 (1946). There we said that in order to maintain a common law action the defendant had to be a stranger to the trade, occupation, or business in which the plaintiff was involved. This test has been restated and applied numerous times. *See, e.g., Stout* v. *Onorati*, 221 Va. 143, 267 S.E.2d 154 (1980); *Bosher* v. *Jamerson*, 207 Va. 539, 151 S.E.2d 375 (1966); *Rea, Administratrix* v. *Ford*, 198 Va. 712, 96 S.E.2d 92 (1957); *Sykes* v. *Stone & Webster Eng. Corp.*, 186 Va. 116, 41 S.E.2d 469 (1947). Its application depends upon the facts and circumstances of the particular case. *Bassett Furniture* v. *McReynolds*, 216 Va. 897, 902, 224 S.E.2d 323, 326 (1976).

Each party relies on an "other party" case involving the renting of a crane and operator. In *Rea*, a general contractor was constructing a school building. He rented a crane and operator from the defendant to be used in erecting the steel work. We held that since the defendant was engaged in the work of constructing the building he was not an "other party," and an injured employee of

the general contractor could not maintain an action against him. *Rea,* 198 Va. at 717, 96 S.E.2d at 96.

In *Kramer v. Kramer, et al., Adm'rs.,* 199 Va. 409, 100 S.E.2d 37 (1957), it was the employee of the crane company that was injured. As in *Rea,* the company was hired to help in lifting trusses at a construction site. Unlike *Rea,* however, no general contractor was involved. The defendant had contracted to do the carpentry work on the job. Since a jury found the lifting of the trusses was not part of the trade, occupation, or business of the defendant, which was carpentry, the plaintiff was permitted to recover. *Id.* at 418, 100 S.E.2d at 44.

Although not cited by either party, *Williams v. Gresham Company,* 201 Va. 457, 111 S.E.2d 498 (1959) bears a marked similarity to the present case. The Chesapeake Bay Ferry District had authority to operate ferries as a connecting link in the State highway system. It had a maintenance department to care for the District's property and equipment. When necessary, a crane and crew were hired to assist in the maintenance department's work, but an independent contractor was retained to do major repairs.

At the time of Williams' injury, he and four other District employees were replacing defective piles. They were working with a crane and crew rented from Gresham. District employees supervised the work, attached the crane to the piles, and gave signals to the crane operator.

We held the situation in *Williams* to be closer to *Rea* than to *Kramer. Id.* at 461-64, 111 S.E.2d at 501-03.

> There is no material conflict in the evidence and it conclusively shows that defendant [Gresham] was engaged in work, at the time of plaintiff's injury, which was a part of the trade, business or occupation of the owner, Ferry District, and that defendant was not a stranger to the work. Both defendant and Ferry District were under the canopy of the Workmen's Compensation Act and not subject to an action at law by plaintiff, Ferry District's employee, for damages on account of injuries he received while engaged in the same work.

*Id.* at 465, 111 S.E.2d at 503-04.

■ Here, as in *Williams,* the plaintiff was carrying out a normal maintenance activity of his employer. A crane and operator

were regularly engaged to help in removing aerators. Federal employees worked at the scene to attach the crane. The plaintiff himself supervised the work and gave signals to the crane operator. We think it clear that at the time of the accident Bass was engaged in the business of Federal and was not an "other party" within the meaning of the Act.

Nor is our decision affected by *Bassett*. In that case, the company's work force performed maintenance and minor construction. However, in order to build a conveyor belt, it hired an outside contractor. Bassett did not supervise the work, and its employees did not work with the contractor. We held the construction was not part of Bassett's normal business. 216 Va. at 904, 224 S.E.2d at 327. Federal, however, was engaged not in major construction, but routine maintenance.

For the reasons stated, we are of opinion that Stewart's sole remedy was under the Workmen's Compensation Act. Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*