977 F.2d 572
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry DONALDSON, Plaintiff-Appellant,
v.
DANIEL H. BARRETT, INCORPORATED; Richard Manuell Cole,
Defendants-Appellees,
and
OLD DOMINION FREIGHT LINE, INC.; Caleb Manly Lail, Defendants.
 No. 91-2177.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 8, 1992
Decided: October 21, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.
 Argued: Richard David Paugh, Rockville, Maryland, for Appellant. Joseph Doane Roberts, Slenker, Brandt, Jennings & Johnson, Merrifield, Virginia, for Appellees.
 On Brief: Gregory M. Wade, Alexandria, Virginia, for Appellant.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and KAUFMAN, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiff below and appellant herein, Larry Donaldson (Donaldson), instituted a diversity[1] negligence action on November 20, 1990, against Old Dominion Freight Line, Inc. (Old Dominion), Caleb Manly Lail (Lail), one of Old Dominion's drivers, and against appellees herein, Daniel H. Barrett, Inc. (Barrett) and Richard Manual Cole (Cole), one of Barrett's employees. Donaldson seeks damages for injuries which he sustained on August 14, 1989 while working in Prince Williams County, Virginia.
 
 
 2
 After discovery was completed, defendants Barrett and Cole filed a motion to dismiss Donaldson's complaint as barred by the Virginia's Workmen's Compensation Act, Va. Code Ann. § 65.1 (Michie 1987). Memoranda and affidavits were filed by both sides. After oral argument, the district court granted the motion to dismiss of Barrett and Cole, with prejudice. Subsequently, plaintiff moved to dismiss defendants Old Dominion and Lail. The district court also dismissed those defendants with prejudice. In this appeal, Donaldson challenges the district court's dismissal of his action against Barrett and Cole as barred by Virginia's Workmen's Compensation Act.
 
 I.[2]
 
 3
 During the relevant time period, Donaldson was employed by William A. Hazel, Inc. (Hazel), a complete site general contractor. The business of Hazel included clearing land, hauling materials, excavation, sewer and water work, paving, concrete pouring, curb and gutter work, and seeding. The nature of Hazel's business called for the ownership and the use of trucks. Indeed, Hazel owned a fleet of dump trucks which it sometimes used to haul materials in connection with its work. Generally, when Hazel's fleet was inadequate to handle a particular job, Hazel would rent trucks and drivers from other companies.
 
 
 4
 At the time of Donaldson's accident, Hazel was the general contractor on what the parties call the Clover Hill project in Manassas, Virginia. In performance of that contract, Hazel sometimes used it own trucks to haul materials, including stone, to and from the job site. When Hazel did not have enough available trucks to perform the necessary hauling work on that contract, Hazel hired independent trucking companies, including Barrett, to help it complete the hauling job. On August 14, 1989, one of Barrett's truck drivers, Cole, delivered stone to the job site in connection with the Clover Hill project. After dumping the stone, Cole drove away from the dump site with his truck bed still elevated. The truck bed caught an overhead utility line and snapped the utility pole which swung around and crashed into a nearby vehicle operated by a friend of Donaldson. Donaldson ran to his friend's vehicle. Meanwhile, an Old Dominion truck, traveling down a nearby road, came in contact with the dismantled utility line which was hanging over that road, and caused the pole to swing around again, this time striking Donaldson and seriously injuring him.
 
 II.
 
 5
 Because the district court, in granting appellee's motion to dismiss, considered papers other than pleadings, we review the motion before the district court as we would a motion for summary judgment. See Fed. R. Civ. Pro. 12(c), 56. Accordingly, our review of the district court's disposition is de novo, see Charles A. Wright et al., Fed. Prac. and Proc. § 2716 at 643 (1983), and our affirmance is warranted only if upon viewing " 'the inferences to be drawn from the underlying facts ... in the light most favorable to[Donaldson],' " Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)), there are no genuine material issues of fact remaining and Donaldson fails "to make a showing sufficient to establish the existence of an element essential to" his case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 6
 Virginia's Workmen's Compensation Act provides an employee's exclusive remedy for work-related injuries. See Va. Code Ann. § 65.1-40;[3] Stewart v. Bass Construction Co., Inc., 288 S.E.2d 489, 490 (Va. 1982); Feitig v. Chalkley, 38 S.E.2d 73, 75 (Va. 1946). However, the provisions of that Act have been interpreted to mean that a worker injured in the course of his or her employment by someone not his employer has a common law cause of action against that person, if that individual or entity is an "other party"[4] i.e. "a stranger to the trade, occupation, or business in which the plaintiff was involved." Stewart, 288 S.E.2d at 490. Thus, the sole issue raised in this appeal is whether Barrett and its driver Cole[5] were engaged in the same business, trade, or occupation as Donaldson's employer, Hazel. If Barrett and Cole did such work, then they, like Hazel, are statutorily immune from a common law suit by Donaldson for any work-related injury that either or both of them may have caused him, and the district court appropriately dismissed Donaldson's action against them.
 
 
 7
 Appellant asserts that Barrett was a mere deliveryman and that therefore Barrett, and also its employee Cole, are"other part[ies]" and therefore are not immune from a suit for negligence. Appellant argues that in order to be involved in the same business or trade as Hazel, appellees would have had to perform some act beyond mere delivery, such as unloading or construction.
 
 
 8
 "Whether a third party is engaged in the trade, occupation, or business of the employer 'depends upon the facts and circumstances in each case, and for that reason the question does not readily yield to categorical or absolute standards.' " Conlin v. Turner's Express, Inc., 331 S.E. 2d 453, 455 (Va. 1985) (quoting Bassett Furniture v. McReynolds, 224 S.E.2d 323, 326 (Va. 1976)). See also Whalen v. Dean Steel Erection Co., Inc., 327 S.E.2d 102, 105 (Va. 1985) ("[t]he 'stranger to the work' test, applied to varying facts, necessarily produces varying results.").
 
 
 9
 In this case, the facts are clear that, in general and with regard to the Clover Hill project in particular, Hazel's business and responsibilities as a general contractor included hauling materials to and from the job site. Moreover, it is not disputed that Hazel owned and used a fleet of trucks for that purpose. Hazel hired Barrett, an independent trucking company, to assist Hazel with its required hauling on the Clover Hill project. Under those circumstances, Barrett was not a "stranger" to the business of Hazel.
 
 
 10
 In Floyd v. Mitchell, 123 S.E.2d 369 (Va. 1962), the estate of an employee of a construction pipe manufacturer, Glamorgan Pipe and Foundry Company, sued in a wrongful death action the carrier, R.S. Powell, Inc., and the carrier's operator, Henry Mitchell, hired by Glamorgan. Upholding the trial court's dismissal of the estate's action, the Supreme Court of Appeals of Virginia wrote:
 
 
 11
 Glamorgan's trade, business or occupation was manufacturing pipe and selling and shipping it to its customers. Transporting the pipe to the customers was a necessary element of this business. The loading of the pipe on the vehicles that would carry it to its destination was an essential part of this element of the business ... Glamorgan contracted with Powell to transport the pipe to Glamorgan's customers, a part of Glamorgan's business which Glamorgan could have done with its own employees and its own equipment had it determined that to be a better way. The fact that it engaged Powell, an independent contractor, to transport the pipe did not make Powell and Mitchell, his employee, strangers to Glamorgan's business. They were handling a part of it....
 
 
 12
 Floyd, 123 S.E.2d at 372. In a more recent Virginia case, Conlin v. Turner's Express, Inc., an employee of Ford Motor Company sued Turner's Express, a hauling company which Ford hired to transport Ford's machinery and parts between its plants, to recover for personal injuries. Justice Stephenson, writing for the Supreme Court of Virginia, determined that Turner's Express was no stranger to the trade, occupation, or business of Ford because "transporting machinery and parts from one plant to another was an essential element of Ford's business." Conlin, 331 S.E.2d at 455.[6] See also Stewart, 288 S.E.2d at 490-91; Williams v. Gresham Co., 111 S.E.2d 498, 503-04 (1959). In the within case, Barrett executed an essential and necessary element of Hazel's business. Moreover, Barrett was performing hauling which Hazel not only "could have done with its own employees and its own equipment," but was to some extent actually so doing with its own employees and trucks. Floyd, 123 S.E.2d at 372.[7]
 
 
 13
 Hipp v. Sadler Materials Corp., 180 S.E.2d 501 (1971), and Burroughs v. Walmont, 168 S.E.2d 107 (1969), are distinguishable from this case for the reasons that the Supreme Court of Virginia identified in Conlin:
 
 
 14
 In Hipp, a materialman was delivering his products to a building contractor when the builder's employee was injured. The employee sued the materialman. 211 Va. at 710, 180 S.E.2d at 501. In Burroughs, there was a similar delivery, and the materialman's injured employee sued the building contractor. 210 Va. at 99, 168 S.E. 2d at 108. We held in both cases that one who merely delivers his materials is not engaged in the trade, business, or occupation of a builder and, therefore, is an "other party" subject to suit. [citations omitted].
 
 
 15
 In the present case, however, Turner's Express was not merely delivering merchandise to a job site but was transporting cargo between Ford's assembly plants, an essential part of Ford's business. Therefore, Turner's Express was not an "other party."
 
 
 16
 Conlin, 331 S.E.2d at 455-56 (emphasis added). The deliverymen in Hipp and Burroughs, moreover, were suppliers, not haulers, as are Barrett and Cole in this case. In this regard, the Fourth Circuit's basis in Haynes v. James H. Carr, Inc., 427 F.2d 700 (1970), for distinguishing Burroughs and Garrett v. Tubular Products, Inc., 176 F. Supp. 101 (E.D. Va. 1959), also applies in this case. In Haynes, Judge Butzner wrote that in Burroughs and Garrett, the defendants
 
 
 17
 were simply supplying and delivering materials. But these cases are distinguishable, for the building materials [delivered by the materialmen]-tubular steel and sheet rock-were beyond the competency of general contractors to fabricate, and they were not partly built or assembled at the job site.
 
 
 18
 Id. at 702. As noted supra, a certain amount of hauling was not beyond the capacity of Hazel, the general contractor.[8] Accordingly, this Court concludes that Barrett and Cole were engaged in the same trade, business, or occupation as Donaldson's employer, and that therefore Virginia's Workmen's Compensation Act bars Donaldson's common law action against Barrett and Cole.
 
 AFFIRMED
 
 
 [1]
 At the time of the filing of this action in the court below plaintiff Donaldson was a citizen of West Virginia; defendant Barrett was incorporated in Virginia and had its principal place of business in a state other than West Virginia; defendant Old Dominion was incorporated in North Carolina and had its principal place of business in a state other than West Virginia; and defendants Cole and Lail were citizens of a state other than West Virginia. Accordingly, diversity jurisdiction exists herein
 
 
 [2]
 The following factual background is based upon the three affidavits submitted with the parties' memoranda, read in the light most favorable to plaintiff/appellant Donaldson, as required by Federal Rules of Civil Procedure 12 and 56
 
 
 [3]
 Section 65.1-40 states:
 The rights and remedies herein granted to an employee when he and his employer have accepted the provisions of this Act respectively to pay and accept compensation on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death.
 Va. Code Ann. § 65.1-40 (Michie 1987).
 
 
 [4]
 Section 65.1-41 provides:
 Subrogation of employer to employee's rights against third parties; evidence; recovery; compromise.-The making of a lawful claim against an employer for compensation under this Act for the injury or death of his employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party. The amount of compensation paid by the employer or the amount of compensation to which the injured employee or his dependents are entitled shall be not be admissible as evidence in any action brought to recover damages. Any amount collected by the employer under the provisions of this section in excess of the amount paid by the employer or for which he is liable shall be held by the employer for the benefit of the injured employee or other person entitled thereto, less a proportionate share of such amounts as are paid by the employer for reasonable expenses and attorney's fees as provided ins 65.1-43. No compromise settlement shall be made by the employer in the exercise of such right of subrogation without the approval of the Industrial Commission and the injured employee or the personal representative or dependents of the deceased employee being first had and obtained.
 Va. Code Ann. § 65.1-41 (Michie 1987) (emphasis added).
 
 
 [5]
 Under the facts of this case, Cole's status with regard to being an "other party" is determined by Barrett's line of business and consequent status in relation to being an "other party." See Evans v. Hook, 387 S.E.2d 777, 779 (Va. 1990)
 
 
 [6]
 While recognizing that the driver in Floyd did assist in loading Glamorgan's pipe and that the Turner's Express driver did not help in loading materials, Justice Stephenson wrote that that "distinction is [not] relevant to a determination whether Turner's Express was employed in Ford's trade, business, or occupation." Id. at 455
 
 
 [7]
 While we note the views expressed in McCall v. Bowater, Inc., 717 F. Supp. 1153 (W.D. Va. 1989), we deem ourselves bound by the analyses developed by the Supreme Court of Virginia
 
 
 [8]
 In Whalen v. Dean Steel Erection Co., Inc., 327 S.E.2d 102, 105-06 (Va. 1985), the Supreme Court of Virginia also commented as follows concerning the "stranger to the work" test:
 Whalen, however, conceding that the "stranger to the work" test pervades our previous holdings, contends that a competing and better-reasoned test is found in Southeastern Tidewater Auth. v . Coley, 221 Va. 859, 275 S.E.2d 589 (1981), based upon Shell Oil Co. v. Leftwich, 212 Va. 715, 187 S.E.2d 162 (1972), and Bassett Furniture v. McReynolds, 216 Va. 897, 224 S.E.2d 323 (1976). This test, the argument continues, depends not on whether the subcontractor is a stranger to the work, but rather upon whether the subcontractor's activity is one normally carried out by the owner or general contractor through employees, instead of one customarily entrusted to a subcontractor. Whalen misapplies these authorities. Southeastern, Shell Oil, and Bassett stand in a line of cases beginning with Sykes v. Stone & Webster Eng. Corp., 186 Va . 116, 41 S.E.2d 469 (1947), which consider whether a subcontractor's employee, injured by a general contractor's (or owner's) negligence on the job, may sue such general contractor or owner at common law or whether such general contractor or owner has become the statutory employer of the plaintiff under Code §§ 65.1-29, 65.1-30, or 65.1-31, or their predecessors. These statutory employer cases question which is the obverse of the one presented here, and their rule is inapplicable where a general contractor's employee seeks to sue a subcontractor. Professor Arthur Larson, quoted in Shell Oil, makes the distinction clear: "The test (except in cases where the work is obviously a subcontracted fraction of a main contract ) is whether this indispensable activity is, in that business, normally carried on through employees rather than independent Shell Oil, 212 Va. at 722, 187 S.E.2d at 167 (quoting 1C A. Larson, The Law of Workmen's Compensations 49.12 at 953 (1982)) (emphasis added).
 In the case herein on appeal, Donaldson, an employee of the general contractor, Hazel, is suing the subcontractor, Barrett.