# CIRCUIT COURT OF THE CITY OF RICHMOND

Tonia Hoskey

v.

James River Building Services, Inc.

April 4, 1997

Case No. ML-4718

BY JUDGE JAMES B. WILKINSON

The plaintiff, Tonia Hoskey, filed suit against James River Building Services, Inc., for damages she sustained after a slip and fall. Hoskey was an employee of West Broad Mitsubishi, a car dealership, which contracted with James River for cleaning and maintenance. Hoskey fell in the ladies' bathroom due to the negligence, she alleges, of James River in performing its duties at the dealership.

The parties appeared before the Court on the defendant's special plea of workers' compensation. Depositions of Richard Lessig, the president of James River at the time of the accident, Mark Shebelski, the general manager of West Broad Mitsubishi, and Diana Clay, the current office manager of West Broad Mitsubishi, were filed with the Court. Testimony elicited from these depositions shows that it is the regular practice of West Broad Mitsubishi to hire independent cleaners to maintain the dealership and clean all areas with the exception of the service bays and parts department. These two areas were cleaned by dealership employees, for safety reasons. The cleaning is contracted out because it is more cost effective to do so. Mr. Shebelski and Ms. Clay both testified that a clean establishment is an essential part of operating the dealership.

James River employees cleaned the dealership from 7:30 a.m. to 9:30 a.m.; West Broad employees cleaned any spills or accidents that occurred at other times or that they caused. Cleaning supplies were kept in a locked closet, accessible only by James River employees and the dealership office manager.

West Broad Mitsubishi had no power to terminate a cleaner sent to the dealership by James River, nor did it have any supervisory powers over the James River personnel. West Broad managers could, however, complain about an employee they were not satisfied with or terminate the contract with James River completely if they were unhappy with the job. James River employees were expected to follow the same working guidelines imposed on employees of West Broad Mitsubishi while at the dealership.

### Issue

Whether the defendant is a statutory employee of West Broad Mitsubishi, thereby providing the plaintiff with the sole and exclusive remedy of the Workers' Compensation Act, Va. Code Ann. § 65.2-307.

### Discussion

Two tests have been outlined by the Virginia Supreme Court for purposes of analyzing a special plea of workers' compensation. They are the "normal work test" set out in *Shell Oil v. Leftwich*, 212 Va. 715 (1972), and the "stranger to the work test" developed in *Whalen v. Dean Steel Erection Co.*, 229 Va. 164 (1985). The key in applying the appropriate test is determining what type of relationship exists between the plaintiff and defendant.

The normal work test pertains to an injured employee of a subcontractor suing a general contractor or owner for injuries received on the job. If the subcontractor is performing the normal work of the employees of the general contractor or owner, then it is deemed to be a statutory employee of the general contractor. The only remedy for the injured worker is workers' compensation. If, however, the work performed is not part of the normal business of the general contractor or owner, the injured employee may seek relief by filing suit. *See, Lucas v. Biller*, 204 Va. 309, 130 S.E.2d 582 (1963).

The stranger to the work test applies when an employee of a general contractor seeks to sue a subcontractor for injuries sustained. It must be determined whether the subcontractor is a stranger to the normal business of the general contractor; if so, the plaintiff has a cause of action. If not, workers' compensation is the sole remedy. *See, Steward v. Bass Construction Co.*, 223 Va. 363, 288 S.E.2d 489 (1982); *Feitig v. Chalkley*, 185 Va. 96, 38 S.E.2d 73 (1946).

While the two tests reach the same conclusion, the distinguishing characteristic is how they are applied. The normal work test is used in a situation where the injured party is suing an employer *above* his in the workplace hierarchy. In contrast, the stranger to the work test is exercised when the injured party files suit against an employer *below* his in authority. In this case, the stranger to the work test is appropriate since suit was filed against the cleaning service with whom West Broad Mitsubishi had contracted.

Obviously, a clean dealership is important to the business of West Broad Mitsubishi. It appears that the work was contracted out because it was more cost-efficient than hiring full-time cleaners. Nevertheless, the people sent by James River were subject to the same workplace guidelines as employees of West Broad Mitsubishi, and West Broad could terminate the contract if unhappy with the work James River provided. Furthermore, West Broad employees were expected to clean up spills or accidents that occurred when James River was not at the dealership, as well as cleaning the service bays and parts departments.

While this case is similar to *Shelby Sayler v. Fabulous Florrs et al.*, Case No. ML-3495 (Memorandum Opinion dated August 23, 1996), the Court is opined to deviate from its ruling based on the testimony rendered in the depositions in this case. As James River was not a stranger to the business of West Broad Mitsubishi, the sole remedy available to the plaintiff is that of workers' compensation.

## Conclusion

For the foregoing reasons, the defendant's special plea of workers' compensation is hereby sustained.