# CIRCUIT COURT OF THE CITY OF NORFOLK

James Clifton Baker

v.

Norfolk Dredging Co.

March 21, 2001

Case No. (Law) L00-1541

BY JUDGE CHARLES E. POSTON

Today the Court grants the defendant's motion to dismiss this negligence action because the plaintiff's exclusive remedy is available under the Virginia Workers' Compensation Act.

The plaintiff is an employee of a contractor, E. Caligari and Son. Norfolk Dredging Company contracted with Caligari to perform certain painting services upon Norfolk Dredging's *Super Scoop* barge located on the Elizabeth River within the City of Portsmouth, Virginia. The plaintiff brought a negligence action against the defendant for injuries he received in an accident while disembarking the defendant's barge. As a result of injuries suffered in the accident, the plaintiff applied for and was awarded benefits under the Virginia Workers' Compensation Act. The defendant asserts that the Virginia Workers' Compensation Act bars plaintiff's common law action for personal injury because Norfolk Dredging is the plaintiff's "statutory employer" and, thus, not an "other party" within the meaning of the Act.

The term "other party" is found in Va. Code § 65.2-309(A) (formerly § 65.1-41). That section provides, in pertinent part:

A claim against an employer under this title for injury or death benefits shall operate as an assignment to the employer of any right to recover damages which the injured employee, his personal representative or other person may have against any other party for

such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party.

Va. Code Ann. § 65.2-309 (Michie 1995).

Although this section speaks only of the employer's right to enforce his employee's claim against the "other party," the Supreme Court has held under a prior statute, that its provisions preserve the employee's right to maintain an action against an "other party" even if he has accepted benefits under the Act. *See e.g., Feitig v. Chalkley*, 185 Va. 96, 38 S.E.2d 73 (1946). The only remaining question is whether Norfolk Dredging is such an "other party." This Court examined the "other party" issue in *Anderson v. Dillow*, 53 Va. Cir. 255 (2000).

The defendant cites *Shell Oil Co. v. Leftwich*, 212 Va. 715, 187 S.E.2d 162 (1972), and its progeny as well as other cases decided under Va. Code § 65.1-41 in which the Supreme Court had to determine whether an owner or general contractor was the "statutory employer" of a subcontractor's employee.[1] In those types of cases, the test applied is whether the work being performed by the injured employee is activity which, in that business, is "normally carried on through employees rather than independent contractors." If it is, the work is part of the overall trade, business, or occupation of the owner or general contractor. *Id.* at 722. Those cases can generally be classified as "ascending" cases, in which an employee seeks to recover from a party above his actual employer, *e.g.*, a subcontractor suing a contractor or owner. *See also Anderson, supra.*

On the other hand, a different line of cases decided under former Va. Code § 65.1-41 that can be classified generally as "descending" cases, involve situations in which an employee of an owner or general contractor attempts to sue a subcontractor, a party below such employee's actual employer. In those cases, the Supreme Court has held that the "statutory employee" test is inapplicable. Instead, the relevant inquiry is whether the defendant is a "stranger to the trade, occupation, or business in which the plaintiff was involved." *Stewart v. Bass Const. Co.*, 223 Va. 363, 365, 288 S.E.2d 489, 490 (1982). This Court considered such a "descending" case in *Anderson v. Dillow.*

In the instant case, the plaintiff is employed by a contractor and has filed a claim against the owner of the barge vessel, and thus this case is an

---

[1] The Defendant also cites a number of federal cases.

"ascending" case. It is clear, then, that the "statutory employee" test must control the Court's decision in the case at bar. If Caligari's painting operations were normally carried on through employees rather than independent contractors and if the painting operations were part of the overall trade, business, or occupation of Norfolk Dredging, plaintiff cannot proceed with this action.

Plaintiff cites the Supreme Court's decision in *Johnson v. Jefferson National Bank*, 244 Va. 482, 422 S.E.2d 778 (1992), for the proposition that a painting contractor hired to paint for an owner is not necessarily a "statutory employer" under the Virginia Workers' Compensation Act. In *Johnson*, a bank contracted with a company to paint the exterior trim of the bank's data center building. The plaintiffs were painting from a metal scaffold suspended approximately 56 feet above the ground. High-voltage electrical transmission lines were connected to a utility pole that was located within 48 inches of the building's wall. On the date of the accident, the bank had failed to make requested arrangements to de-energize or otherwise insulate the transmission lines at the time the painting was scheduled to occur. Wire ropes supporting the scaffold came into contact with the energized transmission lines, the wire ropes burned and broke, causing the scaffold and the plaintiffs to fall 56 feet to the ground. *Id.* at 483-84, 422 S.E.2d at 779-80.

The Supreme Court noted that the bank maintained a small maintenance staff, but its principal business was banking. The bank's maintenance staff regularly painted the interior and exterior of the bank's facilities, but the bank regularly hired independent contractors to paint its facilities. The Court found significant the fact that that bank's employees "had never painted at the height and under the conditions which [the plaintiffs] were working." The Court found "that while the [b]ank's maintenance staff may have had the capacity to do the work that [the plaintiffs were] doing when the accident occurred, such work was not *normally* performed by the [b]ank," and held that the plaintiffs were not the bank's statutory employees and the plaintiffs' claim against the bank was not barred. *Id.* at 487, 422 S.E.2d at 781.

Norfolk Dredging owns, operates, and maintains a fleet of vessels, including barges, tugs, scows, launches, and attendant equipment, in its business of marine dredging and construction. The corrosive environment of marine operations requires that Norfolk Dredging keep its vessels properly painted, and thus painting vessels and equipment is a significant part of Norfolk Dredging's maintenance program. Norfolk Dredging prolongs the useful life of its vessels and equipment by keeping them properly painted, and these actions also reduce the necessity to repair or replace the steel components of the vessels and equipment. Norfolk Dredging routinely paints

all of the vessels and equipment it owns, normally using its own employees. The company also owns all of the necessary equipment, including sandblasting equipment, power sprayers, brushes, rollers, ladders, and safety respirators as required to conduct its comprehensive painting operations. Norfolk Dredging, when its workload is too heavy for its own staff and employees, occasionally hires independent contractors to perform designated painting of its vessels and equipment. Such was the situation in the instant case. Norfolk Dredging contracted with Caligari in June 1999 to perform designated painting operations because its own workload was too heavy at the time the *Super Scoop* (now known as the *Atlantic*) required painting. At approximately the same time, other portions of the vessel were painted by Norfolk Dredging employees.

In the case at bar, unlike *Johnson*, painting vessels and equipment cannot be deemed merely incidental to the operation and maintenance of a marine dredging company; to the contrary, it is an essential and indispensable part of that business. Because Caligari was contracted to perform painting operations that were not only indispensable to Norfolk Dredging and those operations were normally carried on through Norfolk Dredging's own employees, Norfolk Dredging was the plaintiff's "statutory employer," and as such, Norfolk Dredging cannot be considered an "other party" under Virginia's Workers' Compensation Act. The plaintiff's exclusive remedy for his accidental injury must lie within the Act.

The defendant's motion to dismiss is granted and the plaintiff's claim is dismissed with prejudice.