**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-2188**

_____

JEROME MCLAUGHLIN,

              Plaintiff - Appellant,

      v.

SAFWAY SERVICES, LLC, a/k/a Thyssen Krupp Safway,
Incorporated,

              Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Leonie M. Brinkema,
District Judge. (1:10-cv-00627-LMB-IDD)

_____

Submitted:  May 16, 2011            Decided:  May 20, 2011

_____

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Raymond L. Palmer, Sr., RAYMOND L. PALMER & ASSOCIATES,
Richmond, Virginia, for Appellant.  Michael R. Ward, MORRIS &
MORRIS, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

While employed with Covanta Energy Corporation (Covanta), Jerome McLaughlin sustained an injury in an accident at Covanta's energy manufacturing plant. McLaughlin received benefits under the Virginia Workers' Compensation Act (VWCA) as a result of the accident. McLaughlin sued Safway Services, LLC (Safway), a contractor that routinely designed, delivered, and erected scaffolding needed to clean, inspect, and maintain the boilers that are essential to Covanta's business. The district court granted Safway's Fed. R. Civ. Proc. 12(b)(1) motion to dismiss for lack of jurisdiction, concluding that the exclusivity provision of the VWCA barred McLaughlin's tort action against Safway. McLaughlin appealed. We affirm.

We review the district court's dismissal of a complaint for lack of subject matter jurisdiction under Rule 12(b)(1) de novo. Etape v. Chertoff, 497 F.3d 379, 382 (4th Cir. 2007). A district court should dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) if the complaint fails to allege facts upon which subject matter jurisdiction can be based or if the jurisdictional allegations in the complaint are not true. Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is

2

on the plaintiff, the party asserting jurisdiction. <u>Williams v.
United States</u>, 50 F.3d 299, 304 (4th Cir. 1995).

The remedies provided by the VWCA are generally exclusive to all other rights and remedies potentially available to an employee who received benefits. Va. Code Ann. § 65.2-307(A) (2007); <u>Anderson v. Dillow</u>, 553 S.E.2d 526, 527 (Va. 2001); <u>Stone v. Door-Man Mfg. Co.</u>, 537 S.E.2d 305, 307 (Va. 2000). An exception to the exclusivity provision, however, allows maintaining an action against the tortfeasor if the wrongdoer is an "other party" within the meaning of Va. Code Ann. § 65.2-309(A) (2007). <u>Anderson</u>, 553 S.E.2d at 527; <u>Stone</u>, 537 S.E.2d at 307-08. If the plaintiff is an employee of the owner, in order for a defendant to be an "other party" subject to suit, the defendant must be a "stranger to the trade, occupation, or business in which the plaintiff was involved." <u>Stone</u>, 537 S.E.2d at 311; <u>Stewart v. Bass Constr. Co.</u>, 288 S.E.2d 489, 490 (Va. 1982).

Our review of the record leads us to conclude that the district court correctly found that Safway was not an "other party" under the VWCA. Consequently, McLaughlin's negligence action against Safway is barred by the exclusivity provision of the VWCA.

Therefore, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED