# CIRCUIT COURT OF THE CITY OF DANVILLE

Barbara J. Lynskey

v.

Dan Associates, Ltd.,
Allegiance Realty Group, Inc.,
and RGF Partners

August 17, 2001

Case No. 99-69CL

BY JUDGE JOSEPH W. MILAM, JR.

This slip and fall case was filed April 7, 1999,[1] by Barbara J. Lynskey against Allegiance Realty Group, Inc. ("Allegiance"), Dan Associates, Ltd. ("Associates"), and RGF Partners ("RGF"). In her motion for judgment, Ms. Lynskey alleges negligence arising out of Defendants' contractual duty to remove accumulations of snow and ice from common areas serving certain premises leased by Ms. Lynskey's employer, Family Dollar. Specifically, Ms. Lynskey claims she was injured January 27, 1994, when she slipped and fell on ice while removing trash from Family Dollar to a common area of a shopping center owned by Associates and RGF and managed by Allegiance.

Defendants[2] filed responsive pleadings which include demurrers, denials of liability, affirmative defenses, and pleas in bar asserting that Lynskey's claims are barred by the exclusivity provision of the Workers' Compensation Act, as adopted in Virginia (hereinafter the "Act"). The parties have filed a stipulation of facts ("Stipulation") which, by its terms, is limited solely to the

---

[1] Apparently, Ms. Lynskey's claim was initially filed in 1996, but that action was nonsuited prior to institution of the case at bar.

[2] Associates and RGF also jointly filed a motion craving oyer with respect to the leases referred to in Ms. Lynskey's motion for judgment.

matter of Defendants' pleas in bar.[3] A true and complete copy of the lease in effect at the time of Ms. Lynskey's fall is attached to the Stipulation. In addition, the Court notes Ms. Lynskey's acknowledgement by her counsel that she sought and received benefits under the Act for injuries sustained in the accident at issue in this case. Counsel also represented that, at the time of the accident at issue, Allegiance, as property manager for Associates and RGF, was required to fulfill Associates' and RGF's maintenance obligations under the Lease.

The Court has considered the Stipulation and memoranda submitted on behalf of the parties. Defendants argue that the case at bar is governed by *Fowler v. International Cleaning Service*, 260 Va. 421, 537 S.E.2d 312 (2000). Ms. Lynskey cites *Stone v. Door-Man Manufacturing*, 260 Va. 406, 537 S.E.2d 305 (2000), for the proposition that an injured employee is not barred in all instances from maintaining an action against an independent contractor but argues that Ms. Lynskey's case differs factually from both *Fowler* and *Stone*. Ms. Lynskey notes that Defendants' duty to remove snow and ice were confined to the exterior of Family Dollar. She also argues that there is insufficient joint action or overlapping duties, which would permit a finding that she and Defendants are statutory fellow employees. Implicit in Ms. Lynskey's position is the notion that Defendants, not Family Dollar, owed the duty, giving rise to the negligence alleged in this case. Therefore, Ms. Lynskey argues that she would have to be a statutory employee of the Defendants in order for the Act's exclusivity bar to apply in this case.

Ms. Lynskey was injured when she slipped and fell on ice or snow while moving cardboard boxes out of Family Dollar's rear service entrance to a dumpster located behind Family Dollar. Ms. Lynskey was required to keep Family Dollar's rear service area free from boxes and open for incoming shipments as part of her job. Although paved, the rear service area where the accident occurred is not open for use by the general public. Defendants were required to keep the rear service area in question free from ice and snow. However, by the terms of the Lease, Family Dollar could pay for snow and ice removal and deduct the cost of same from its rental payment. Although Family Dollar, and other tenants, spread salt around entrances, on the day of the accident in question, Defendants did not attempt to remove ice or snow from the paved area serving Family Dollar.

As noted above, Ms. Lynskey suggests that application of the Act's bar to her case is dependent upon a finding that she was a statutory employee of

---

[3] Paragraph references to the Stipulation are omitted. A copy of the Stipulation, as revised, is attached hereto.

Defendants. In the opinion of this Court, this technical argument overlooks economic reality. The rear service entrance must be open "so that goods and merchandise can be unloaded, unpacked, and distributed." Keeping the rear service area open so that trash can be removed and new merchandise can be stocked is necessary to Family Dollar's success as a retailer. In addition, Family Dollar is required by the local Fire Marshall to remove empty boxes from its rear service entrance.

Obviously, rental payments under the Lease covered the cost of common area maintenance, including snow removal. As noted above, Family Dollar had the option of paying Associates and RGF for snow and ice removal or paying a third party for such service and deducting the cost from its rental payment.

Associates and RGF are paid by Family Dollar, and apparently other tenants, to perform certain basic maintenance functions, such as snow and ice removal. In turn, Associates and RGF contracted with Allegiance to provide these services. Here, the obligation to provide such maintenance services is included as part of the lease between Ms. Lynskey's employer, Family Dollar, and Associates and RGF. Nonetheless, at least as to keeping Family Dollar's rear access free of snow and ice to accommodate removal of trash and delivery of merchandise, Defendants were performing work essential to, and part of, the business of Family Dollar. *Fowler*, 260 Va. at 423.

According to her motion for judgment, and apparently confirmed by the diagram included as part of the Lease, Ms. Lynskey fell in a rear paved area immediately behind Family Dollar, which is designated as a common area. Although snow and ice removal may not be normal given local climatic conditions, maintaining and keeping open the rear service area, including the adjacent paved area, is normal activity for Family Dollar. This area affords access to the dumpster serving Family Dollar and to Family Dollar's rear entrance.

Not only does the Lease contemplate joint or concerted action by permitting deduction of certain expenses for the benefit of Family Dollar otherwise payable as an element of Family Dollar's fixed rental obligation, but also it requires payment of "percentage rental" based upon Family Dollar's gross sales. Thus, the economic success of Lynskey's employer, Family Dollar, as well as that of Associates and RGF are directly tied to Family Dollar's gross sales.

After considering the undisputed facts applicable to this case, the Court is of the opinion that *Fowler, id.*, applies and Lynskey's case must fail.