# CIRCUIT COURT OF THE CITY OF WAYNESBORO

James Young

 v.

Pleasant View Lawn
and Home Care, Inc.,
and Brickman Facilities
Solutions, L.L.C.

November 6, 2013

Case No. CL11000499

By Judge Humes J. Franklin, Jr.

Before the Court is a Special Plea in Bar that the Virginia Workers' Compensation Act bars Plaintiff's claim. Having heard oral argument on August 26, 2013, and having considered the briefs previously filed by both parties, the Court grants Defendant's Special Plea in Bar.

*Summary of Facts*

The parties stipulated to the following facts. Plaintiff was employed by Lowe's and that on February 2, 2010, he slipped and fell on his way into work at the Lowe's building at approximately 5:00 a.m. Plaintiff later applied for and received workers' compensation benefits. The parties further stipulated to the contractual relationship between Lowe's and Brickman Facilities Solutions, L.L.C. (Brickman) and Brickman's subcontractor Pleasant View Lawn and Home Care, Inc. (Pleasant View).

Evidence at the hearing demonstrated that Lowe's, as a retail store, made it a priority for their customers and employees to be able to safely access their store. Transcript 9:10-16. Mr. Wheeler admitted on cross-examination that he did not inform employees when hiring them that part of their duties included snow removal and spot checks in the parking lot. Tr. 28:6-14. But this fact is of little to no significance to the Court because the Court expects the operations manager to relate general duties and priorities (like those listed at Tr. 9:10-16), rather than detail specific duties to a new hire. The Court expects this information would be addressed in on the job training or in a situation where a need arises. For that reason, Lowe's contracted with

Brickman who then subcontracted with Pleasant View for the removal of snow and ice from Lowe's outside area with the exception of the bullpen and garden center. Def.'s Ex. 1 at 3. Even though Lowe's contracted out this work, the uncontested evidence indicated that Lowe's employees would engage in shoveling snow, operating a snow blower, spreading ice melt, and even using a forklift as a make shift snow plough in areas such as the bullpen, garden center, sidewalks outside the main entrance, at least nine emergency exits, and portions of the parking lot (particularly handicapped spaces and occasionally where employees parked). Tr. 16-21. The Court infers that Lowe's was in part engaged in snow removal because Pleasant View was not contractually obligated to perform until there was an accumulation of 2 inches of snow and, due to the nature of the work, would often begin the snow removal and spreading of ice melt (starting at the entrances of the building and working their way out through the parking lot) in the early hours of the morning before Lowe's opened. Def.'s Ex. 1 at 1-2.

*Analysis*

The Act's exclusivity provision found in Va. Code § 65.2-307(A) states:

> The rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death.

However, the exclusivity provision is inapplicable in a common law action for an employee's injury or death against an "other party." See Va. Code § 65.2-309; see also *Fowler v. International Cleaning Serv., Inc.*, 260 Va. 421, 425, 537 S.E.2d 312 (2000). The appropriate test to apply here when an employee of an owner makes a personal injury claim against a subcontractor is the stranger-to-the-work test. See *Stone v. Door-Man Mfg. Co.*, 260 Va. 406, 417-18, 537 S.E.2d 305 (2000). The stranger-to-the-work test requires that:

> [The] facts of each case [must] be analyzed to determine whether the defendant in a common-law action was, at the time of the plaintiff's injury, a stranger to the work in which the plaintiff was engaged. If the defendant was "no stranger," then he was not an "other party" within Code § [65.2-309], and the common-law action against him is barred by Code § [65.2-307(A)]."

*Whalen v. Dean Steel Erection Co.*, 229 Va. 164, 169, 327 S.E.2d 102 (1985). In determining if the defendant is "no stranger," the Court looks to the "particular business" (see *Feitig v. Chalkley*, 185 Va. 96, 102, 38 S.E.2d 73 (1946)), of operating a retail store, and key to that consideration is whether defendant is "performing an essential part" of Lowe's business. *Napper v. ABM Janitorial Servs.-Mid Atl.*, 284 Va. 55, 64, 726 S.E.2d 313 (2012) (citations omitted).

The retail store model hinges on the ability of customers (and implicitly employees to serve those customers) to visit the store, gain safe access to the store, purchase something from the store, and then leave the store. Each of these elements is an essential part of the retail store model and without any of these Lowe's would not succeed as a retail store. The evidence clearly demonstrated that Lowe's addressed this essential part of their business model for customers and employees to gain access to their store through the removal of snow and spreading of ice melt by both hiring an independent contractor, Brickman, who then hired a subcontractor, Pleasant View, and by also engaging in that work themselves.

The Court is cognizant that removing snow and ice is not something that Lowe's in Waynesboro, Virginia, has to be prepared to do all the time but finds that it a regular enough occurrence (evidence suggested five to six times a year that Pleasant View would have to remove snow and ice) that it is not sporadic as contemplated in *Masterson v. American Heavy Indus.*, 84 Va. Cir. 432, 438-39 (2012) (holding that maintenance work performed once every twenty years cannot be normal or routine). Further, ensuring safe access to Lowe's was a daily concern and, with respect to snow and ice, was something that Lowe's ensured was monitored and able to be addressed twenty-four hours per day for seven months of the year according to their contract with Brickman and through that with Pleasant View. See Def.'s Ex. 1, at 6; see also Def.'s Ex. 2, at 2.

Plaintiff's reliance on *Napper* is misplaced and readily distinguishable. In *Napper*, the Court held that the janitorial work performed by an outside company was not an essential part of the call center's particular business because:

> [T]here [wa]s no evidence that Kastle employees were required to or were, in fact, involved in performing any cleaning of Kastle's offices, let alone the building's common areas, including the bathrooms and the lobby where Napper was injured. Rather, the evidence demonstrated that Kastle employees were not allowed to clean the common areas or common bathrooms . . . . [T]here is no evidence that Kastle's business was dependent upon, or included, receiving retail customers or clients at its offices; rather, the evidence

demonstrated that Kastle's offices were not a place for receiving customers and clients as an essential part of its business.

*Id.* at 65, 66. Here, there was clear evidence that Lowe's employees were required to and did engage in snow removal and spreading of ice melt at the main entrances, sidewalks, and portions of the parking lot as well. Tr. 16-21. This evidence of combined efforts in removal of snow and ice is a factor the Court cannot ignore in determining that Brickman and Pleasant View were no strangers to the work. See *Fowler* at 428. Further, Lowe's (unlike the call center) as a retail store must be able to (i.e. an essential part) receive customers and employees in order to make sales. The Court finds informative a decision by its sister court in Danville dealing with a very similar fact pattern. See generally *Lynskey v. Dan Assocs.*, 56 Va. Cir. 351 (2001).

## Conclusion

The Court finds that, because gaining safe access to a retail store is an essential part of Lowe's retail business and because of the combined efforts of Lowe's, Brickman, and Pleasant View in removing snow and ice to achieve the above goal, Brickman and Pleasant View are no strangers to the work and as such are not the "other parties" contemplated by Va. Code § 65.2-309. Therefore, the Act's exclusivity provision found in Va. Code § 65.2-307(A) governs, and Plaintiff's claim is barred.